SORONDO, Judge.
The Appellant/Plaintiff, Chiquita, appeals the dismissal of its complaint against Appel-lees/Defendants, Del Monte (collectively), on grounds of forum non conveniens.
It is undisputed that Chiquita had a longstanding business relationship with a Philippine banana grower named Tagum Development Corporation (TADECO). TADECO provided Chiquita with vast quantities of bananas for the latter’s Asian market. At some point in the relationship, for reasons that are irrelevant to the resolution of the issue before us, TADECO gave notice to Chiquita that it would be terminating their relationship. Sometime thereafter it became apparent that TADECO had contracted with Del Monte to provide them with the bananas TADECO had previously sold to Chiquita. Chiquita filed suit against Del Monte in the Circuit Court of Dade County for tortious interference with its contract and business relationship with TADECO. The complaint alleges that the tortious interference at issue occurred in Coral Gables, Florida.
*699 In 1994 Del Monte filed its first motion to dismiss for forum non conveniens. That motion was denied and appealed to this court which affirmed the trial court’s ruling. Fresh Del Monte Produce, N.V. v. Chiquita Int’l Ltd., 664 So.2d 263 (Fla. 3d DCA 1995).
Subsequent to the Florida Supreme Court’s decision in the case of Kinney System, Inc. v. The Continental Insurance Co., 674 So.2d 86 (Fla.1996), Del Monte filed a new motion to dismiss for forum non conve-niens. The trial court granted that motion and this appeal follows. For the reasons set forth below we reverse.
In Kinney the Supreme Court of Florida adopted the federal doctrine of forum non conveniens. The Court held that in reviewing a forum non conveniens motion the courts must engage in a four-step analysis:
As a prerequisite, the court must establish whether an adequate alternative forum exists which possesses jurisdiction over the whole case. Next, the trial judge must consider all the relevant factors of private interest, weighing in the balance a strong presumption against disturbing plaintiffs initial forum choice. If the trial judge finds this balance of private interests in equipoise or near equipoise, he must then determine whether or not factors of public interest tip the balance in favor of a trial in [another] forum. If he decides that the balance favors such a ... forum, the trial judge must finally ensure that plaintiffs can reinstate their suit in the alternative forum without undue inconvenience or prejudiee.(Empha-sis in original).
[Kinney, 674 So.2d at 90.]
Chiquita argues that Del Monte failed to establish and the trial judge failed to properly find that an adequate alternative forum exists which possesses jurisdiction over the whole case, the first of the Kinney criteria. We agree.
Chiquita International Limited is a corporation organized under the laws of Bermuda. Fresh Del Monte Produce, N.V. is a corporation organized under the laws of the Nether-land Antilles. Del Monte Fresh Produce Company is a corporation organized under the laws of the State of Delaware in the United States of America. Del Monte Fresh Produce International, Inc. is a corporation organized under the laws of Liberia.
Chiquita is headquartered in Cincinnati, Ohio. Del Monte Fresh Produce International, Inc. is headquartered in Monaco. Chiquita repeatedly asserts throughout its briefs that the other two Del Monte corporations referred to above are headquartered in Coral Gables, Florida. Although Del Monte clearly identifies the headquarters of Del Monte Fresh Produce International, Inc. in its appellate pleadings, it does not identify the corporate headquarters of the other two corporations. Regardless of where their “formal” headquarters may be, however, it is clear that Del Monte has a significant corporate presence in Coral Gables, Florida, where some of the companies’ major executives are located. Indeed, as we have previously noted, the alleged plot to tortiously interfere with Chiquita’s contract with TADECO was allegedly “hatched” in Coral Gables.
There is nothing in this record that even remotely suggests that a Philippine court would have subject-matter jurisdiction over four foreign corporations, none of which maintains a business presence in the Philippines, in a lawsuit which arises as a result of an intentional tort allegedly committed in Florida. We do not believe that Del Monte has established, as it must, that the country of the Philippines is an “adequate alternative forum” with jurisdiction over this case. Ceramic Corp. of Am. v. Inka Maritime Corp., Inc., 1 F.3d 947, 949 (9th Cir.1993)(a party moving in the trial court to dismiss on grounds of forum non conveniens has the burden of showing the existence of an adequate alternative forum). See also, Cheng v. Boeing Co., 708 F.2d 1406, 1411 (9th Cir.), cert. denied, 464 U.S. 1017, 104 S.Ct. 549, 78 L.Ed.2d 723 (1983); Contact Lumber Co. v. P.T. Moges Shipping Co. Ltd., 918 F.2d 1446 (9th Cir.1990).
Although we believe that our conclusion concerning the absence of any proof that Philippine courts have subject-matter jurisdiction of this case is dispositive of this appeal, we note that an analysis of the second of the Kinney criteria, considering all relevant factors of private interest, and weighing *700 in the balance a strong presumption against disturbing the plaintiffs initial forum choice, also requires us to reverse. The vast majority of the witnesses in this case are located in Coral Gables, Florida, Cincinnati, Ohio, Bermuda and Costa Rica. Thus, geographically, the Florida forum is infinitely more convenient to all parties. Although Del Monte has some witnesses who reside in the Philippines, these witnesses are few, and, as counsel for Del Monte conceded in oral argument, will travel to Dade County to testify and will otherwise cooperate with Del Monte.[1] In addition to the ready availability of witnesses, the bulk of the documentary evidence in the case is also to be found in Dade County.
In light of our conclusions concerning the first two of the Kinney criteria, it is clear that we do not find that the parties are in equipoise or near equipoise,[2] as required by the third criterion, and consequently we do not proceed with the analysis.
For the reasons set forth above, we reverse the trial judge’s order of dismissal on the grounds of forum non conveniens and remand this cause for trial.
Reversed.

. We note that the representations made to the trial judge by Del Monte on this issue were not the same as those made to this Court at oral argument. At page 9, line 20 of the transcript of the hearing on Del Monte's Motion to Dismiss, counsel for Del Monte told the trial judge: "We do not have access to TADECO witnesses. We do not have access to TADECO documents. They are simply off limits.”

. The Supreme Court defines "equipoise” in Kinney, 674 So.2d at 91, as follows:
"Equipoise” means simply that the advantages and disadvantages of the alternative forum will not significantly undermine or favor the "private interests” of any particular party, as compared with the forum in which suit was filed.