**Carmelito & Avelina SABOCUHAN**

v.

**GECO–PRAKLA, Seismic Shipping, Inc., Schlumberger Technology Corp., Barber Ship Management, Ltd., and the R/V GECO RHO.**

Civil Action No. G–99–599.

United States District Court,
S.D. Texas,
Galveston Division.

Dec. 23, 1999.

Don R. Riddle, Riddle & Baumgartner, Houston, TX, for Plaintiffs.

Robert L. Klawetter, Eastham Watson Dale & Forney, Houston, TX, for Defendants.

## ORDER OF DISMISSAL

KENT, District Judge.

Plaintiff Carmelito Sabocuhan, a Filipino seaman, was allegedly injured as a member of the crew of the R/V GECO RHO. He instituted suit against Defendants under the Jones Act and general maritime law. Now before the Court is Defendants' Motion to Dismiss. Because Plaintiff's employment contract contains valid forum-selection clauses which specify that this action must be heard in the Philippines,

Defendants' Motion to Dismiss is **GRANTED.** This action is **DISMISSED WITHOUT PREJUDICE,** and Plaintiff is free to refile this action in an appropriate Filipino forum.

### I. Factual Summary

Plaintiff Carmelito Sabocuhan is a citizen and resident of the Philippines. At the time he was allegedly injured, he was a member of the crew of a Panamanian-flagged seismic vessel, the R/V GECO RHO. Defendant Seismic Shipping is the owner of the R/V GECO RHO. Defendant Geco–Prakla, a subdivision of Defendant Schlumberger Technology, was the sub-charterer of the R/V GECO RHO. Defendant Barber Ship Management supplied the crew for this vessel pursuant to a manning agreement.

Sabocuhan alleges that on February 24, 1998, he was injured onboard the R/V GECO RHO while it was performing seismic operation on the navigable waters of Galveston County, Texas. In exchange for $60,000, he subsequently signed an agreement purporting to release the R/V GECO RHO, its owners, charterers and others at interest for his personal injury claims. This release was negotiated and signed in Sabocuhan's native land, the Philippines, and the signature was made under oath and notary seal. During the course of settlement negotiations, Sabocuhan was assisted by Filipino counsel, and the release he signed was prepared in his native language, Tagalog.

After the execution of the release, Sabocuhan filed suit under the Jones Act and general maritime law in the 10th Judicial District Court of Galveston County, Texas. Defendants timely filed Petition for Removal with this Court on September 23, 1999.

Sabocuhan's contract of employment incorporates provisions of a "Revised Employment Contract" which was approved by the Philippine Overseas Employment Administration ("POEA"). The incorporation of the Revised Employment Con-

tract is accomplished by the following language in Sabocuhan's contract: "the terms and conditions of the Revised Employment Contract governing the employment of all seafarers approved per Department Order 33 and Memorandum Circular No. 55 both series of 1996 shall be strictly and faithfully observed."

The terms of this Revised Employment Contract, expressly incorporated by reference in Sabocuhan's employment contract, include the following provision:

### Section 28—Jurisdiction

The Philippine Overseas Employment Administration (POEA) or the National Labor Relations Commission (NLRC) shall have original and exclusive jurisdiction over any and all disputes or controversies arising out of or by virtue of this Contract . . .

The revised Employment Contract also incorporates the Migrant Workers' and Overseas Filipinos' Act of 1995 ("MWOFA"), which grants the Labor Arbiters of the NLRC in the Philippines the exclusive jurisdiction to hear:

claims arising out of an employer-employee relationship or by virtue of any law or contract involving Philippine workers for overseas employment including claims for actual, moral, exemplary and other forms of damages . . .

### II.   Analysis

#### A.   Filipino Maritime Employment Contracts

The Fifth Circuit has previously examined the precise language in the Revised Employment Contract at issue in this case. *See Marinechance Shipping Ltd. v. Sebastian,* 143 F.3d 216, 220 (5th Cir.1998) (Wisdom, J.) (affirming district court's determination that injured Filipino seaman's claims must be heard in the Philippines because forum-selection clauses in seaman's POEA approved employment contract were valid and enforceable). Not only did the *Marinechance* court expressly consider Section 28 of the Revised Employment Contract to be a valid and enforceable forum-selection clause, it also found the MWOFA provision to be an independent and enforceable provision which mandated a Filipino venue. *See id.* at 221. Moreover, the *Marinechance* court agreed that the revised employment contract was incorporated by reference in the employment contract because, just as in this case, the contract provided that the terms of the Revised Contract shall be "strictly and faithfully observed." *See id.* at 222.

■ Plaintiff does not dispute that his employment contract incorporates Section 28, nor does he dispute that it incorporates the MWOFA provisions. Plaintiff does not argue that the language of these provisions has changed since the decision was rendered in *Marinechance.* Plaintiff makes absolutely no effort to distinguish *Marinechance.* The *Marinechance* opinion is binding Fifth Circuit authority and squarely on point, and compels the result that Plaintiff's suit must be dismissed for improper venue.

Plaintiff might have claimed that the employment contract was procured by fraud and over-reaching, but even this argument would fail unless the forum-selection clause *itself* was the product of over-reaching. *See Afram Carriers, Inc. v. Moeykens,* 145 F.3d 298, 302 (5th Cir.1998) (Peruvian forum-selection clause not rendered unenforceable based on evidence that contract was procured by fraud or overreaching, because "the movants have offered no evidence that the *clause itself* was obtained as a result of fraud or overreaching) (emphasis added)." Sabocuhan has not claimed his employment contract as a whole was a product of overreaching, much less that either of the two otherwise valid forum-selection clauses were, specifically, the products of overreaching.

This Court is bound to follow *Marinechance,* which is Fifth Circuit authority squarely on point. Even in the absence of *Marinechance,* the conclusion that a valid

forum-selection clause in a seaman's employment contract mandates dismissal for improper venue would appear to be the correct result. The Louisiana Supreme Court recently upheld the dismissal of an injured seaman's Jones Act claims due to the presence of a forum selection clause. *See Lejano v. Bandak*, 705 So.2d 158 (La. 1997). The plaintiff in *Lejano* was a Filipino seaman injured off the coast of Florida. *See id.* at 160. Much like the Plaintiff in the present case, the seaman in *Lejano* had signed a POEA approved employment contract which contained language interpreted to require the seaman to bring suit in the courts of either Norway or the Philippines. *See id.* at 168. Moreover, in *Lejano*, the collective bargaining agreement negotiated on behalf of the seaman by the Associated Marine Officers' and Seaman's Union of the Philippines ("AMOSUP") contained a forum selection clause. *See id.* at 167. Plaintiff Sabocuhan's employment contract likewise incorporates an AMOSUP collective bargaining agreement which contains an apparent forum-selection clause. Impressed by the fact that the forum selection clauses had been drafted by either the Philippine government itself or by the seaman's own union, AMOSUP, the *Lejano* court upheld the validity of the forum selection clauses. *See id.* at 168–69.

Other courts concur. *See Valle v. Chios Venture Shipping*, No. Civ. 98–0748, 1999 WL 76429 (E.D.La. Feb.8, 1999) (citing *Marinechance* and dismissing Jones Act claims of injured Nicaraguan seaman because valid forum-selection clause specified Piraeus, Greece as proper forum); *Belloza v. Chios Sky Shipping & Trading, S.A.*, No. Civ. A 98–2092, 1999 WL 694020 (E.D.La. Feb.9, 1999) (citing *Marinechance* and dismissing seaman's suit due to forum-selection clause, despite allegations that contract as a whole was procured by overreaching); *Prado v. Sloman Neptun Schiffahrts, A.G.*, 611 So.2d 691, (La.Ct. App.1992) (requiring injured Filipino seaman to bring claims in the Philippines due

to presence of POEA approved forum selection clause in his employment contract).

## B. The Settlement Agreement

■ This case would have to be dismissed even in the absence of the contractual forum selection clause, because it appears that Plaintiff has already settled all his claims against Defendants. Plaintiff has made no showing that this settlement agreement was in any way inequitable. Plaintiff settled his claims in the Philippines, had the assistance of Filipino counsel, and signed a settlement agreement that was executed in his native language of Tagalog. While the Court has no way of knowing the true adequacy of a $60,000 settlement, that amount is not prima facie inadequate or unconscionable. Because there was an entirely valid settlement agreement between Plaintiff and Defendants, dismissal of Plaintiff's claims is warranted.

## C. Forum–Selection Clauses in Maritime Employment Contracts

Were this Court at liberty to decide the issue, it would unhesitatingly hold unenforceable the kind of maritime forum-selection clauses at issue in this case. It is axiomatic that seamen are wards of the Admiralty court. This Court finds it truly shameful that the United States, the greatest and most prosperous nation on the face of the earth, would deny an injured seaman a remedy within its court system. This refusal is all the more appalling when the seaman is injured in the course of conveying goods right to the very shores of this nation. These seaman often labor aboard dilapidated vessels in deplorably dangerous working conditions, and yet at considerable risk to life and limb they assist in bringing products to this country which inure to the benefit of all United States citizens. Denying an injured seaman a United States forum is utterly contrary to the beneficent attitude towards seamen that has for centuries character-

ized the Admiralty courts of the English speaking world.

But this Court is not free to decide the issue. As a district court within the federal judiciary, it has both a moral and legal duty to follow the decisions of the United States Supreme Court and the United States Court of Appeals for the Fifth Circuit. The *Marinechance* opinion is squarely on point, and this Court is therefore bound to faithfully and scrupulously follow that precedent. Accordingly, despite its profound reservations as to the wisdom of enforcing forum-selection clauses in maritime employment contracts, the Court will enforce them.

### III. Conclusion

The Court concludes that under prevailing Fifth Circuit authority, Section 28 and the MWOFA provisions of the Revised Contract, as utilized and approved by the Philippine Overseas Employment Administration, are valid forum-selection clauses. Because Sabocuhan's employment contract incorporates these provisions, venue is not proper within the United States. Accordingly, the Court **DISMISSES** all of Plaintiff's claims, **WITHOUT PREJUDICE**. Plaintiff is free to refile his claims in an appropriate Filipino forum. The parties are **ORDERED** to file no further pleadings on these issues in this Court, including motions to reconsider or the like. The parties are also **ORDERED** to bear their own taxable costs and expenses incurred herein to date.

**IT IS SO ORDERED.**