**TEXAS MARINE & BROKERAGE, INC., Texas Marine of Beaumont, Inc., Texas Marine of Houston, Inc., Texas Marine of Clear Lake, Inc.,**

v.

**Tim EUTON, Individually and Doing Business as Texas Marine**

No. CIV. A. 1:00–CV–276.

United States District Court,
E.D. Texas,
Beaumont Division.

July 18, 2000.

Robert Bruce Dunham, Sheldon, Jordan & Dunham, Beaumont, TX, for Plaintiff.

Stephen F. Fogle, Daniel Chapman, Jackson Walker LLP, San Antonio, TX, for Defendant.

### ORDER

COBB, District Judge.

Before the Court is the Defendant's "Motion to Dismiss or Transfer or, in the Alternative, for Discovery on Venue." After reviewing the Motion and the briefs from each party, the Court is of the opinion that each Motion should be DENIED.

### FACTS

As stated in the Plaintiff's Original Complaint, Texas Marine & Brokerage, Inc. is a Texas corporation formed in 1984. Since that date, Texas Marine & Brokerage, Inc. has done business in the State of Texas as "Texas Marine," either on its own or through one or more subsidiaries whose names incorporate the words "Texas Marine." Those subsidiaries are the other named Plaintiffs, "Texas Marine of Beaumont, Inc.," "Texas Marine of Houston, Inc.," and "Texas Marine of Clear Lake Inc." This business includes the sale of boats, motors, trailers, boating accessories, equipment, and related services.

According to the Defendant's Motion to Dismiss and attached affidavit, Mr. Tim Euton (Defendant) has also been using the "Texas Marine" mark in and around Victoria County Texas since 1988. Defendant's business is also involved in the sale of boats, motors, trailers, boating accessories, equipment, and related services.

It is undisputed that although they use the same business name ("Texas Marine"), the Plaintiffs and the Defendants are completely different entities and have no business relationship whatsoever.

### MOTION TO DISMISS FOR IMPROPER VENUE

A party may move for dismissal of a suit based on improper venue under Fed.R.Civ.P. 12(b)(3). The burden to demonstrate why venue is improper and why the forum should be changed lies with the movant. *Time, Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir.1966); *Sanders v. Seal Fleet, Inc.,* 998 F.Supp. 729, 733 (E.D.Tex.1998).

The Plaintiffs claim that venue is proper under 28 U.S.C. § 1391(b)(2). This venue statute provides that "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in ... (2) a judicial district in which a substantial part of the event or omissions giving rise to the claim occurred."

This statute was amended in 1990 specifically to reduce "excessive litigation over venue." *First of Michigan Corp. v. Bramlet,* 141 F.3d 260, 263 n. 3 (6th Cir.1998). The language of the statute, as amended in 1990, operates to establish venue in a given district as long as "substantial" activities took place in that district, even if the activities in another district happen to be "more substantial, or even the most substantial." David D. Siegel, "Commentary on 1988 and 1990 Revisions of Section 1391," appended to 28 U.S.C. § 1391. As applied to Lanham Act claims, "[t]he place where the alleged passing off occurred ... provides an obviously correct venue." *Woodke v. Dahm,* 70 F.3d 983, 985 (8th Cir.1995). Also, as the district court stated in *Woodke,* the venue question in Lanham Act cases, or in cases that involve both the Lanham Act and pendant state law claims, is "where were consumers confused by the defendant's

acts?" *Woodke v. Dahm,* 873 F.Supp. 179, 198 (N.D.Iowa).

■ The issue here is whether "substantial" events giving rise to this lawsuit occurred in the Eastern District of Texas. According to the affidavits that the parties have submitted, it is clear to this Court that the Defendant has advertised its business as "Texas Marine" within the Eastern District of Texas. In fact, in the Defendant's own affidavit, he admits that at least as early as January 1996 and as recently as June/July 2000, he has periodically advertised in Texas Fish & Game magazine. Texas Fish & Game magazine is distributed in the Eastern District of Texas.

This Court finds that these advertisements, along with other events listed in the affidavits submitted to the Court, serve as "substantial" events which have given rise to this lawsuit. Consumers in the Eastern District of Texas could have conceivably been confused by advertisements of a "Texas Marine" boat dealership (the Defendant) that has absolutely no business relationship to the "Texas Marine" boat dealership that does business in Beaumont, Houston, and Clear Lake (the Plaintiffs).

Venue is proper within the Eastern District of Texas, Beaumont Division. The Defendant has not met its burden in demonstrating why venue is. Motion to Dismiss for Improper Venue is hereby DENIED.

### MOTION TO TRANSFER VENUE

Also before the Court is the Defendant's Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a).

■ The litigant seeking transfer bears the burden of demonstrating that a transfer of venue is warranted. *Time, Inc. v. Manning,* 366 F.2d 690 (5th Cir.1966); *Gundle Lining Construction Corp. v. Fireman's Fund Ins. Co.,* 844 F.Supp. 1163, 1165 (S.D.Tex.1994). To prevail, the litigant must demonstrate that the balance of convenience and justice substantially weighs in favor of the transfer. *Gundle,* 844 F.Supp. at 1165. Moreover, there is a "strong presumption in favor of the plaintiff's choice of forum that may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum." *Schexnider v. McDermott Intern., Inc.,* 817 F.2d 1159 (5th Cir.).

■ Defendant attempts to argue that the availability and convenience of witnesses, the availability and convenience of the parties, the place of the alleged wrong, the location of books and records, the possibility of delay or prejudice upon counsel, should cause the Court to transfer this case under 28 U.S.C. § 1404(a). However, the Plaintiffs have provided essentially identical, countervailing considerations in their favor as to why this Court should retain the case in the Eastern District of Texas.

After an evaluation of the private and public interest factors of this particular case, it is evident to this Court that the Defendant does not meet its burden of demonstrating that a transfer of venue is warranted.

The Defendant's Motion to Transfer Venue is hereby DENIED.

### MOTION FOR LIMITED DISCOVERY ON VENUE

The Court sees no reason why any further discovery on the issue of venue needs to take place. The Court is satisfied that venue is proper in the Eastern District of Texas, Beaumont Division.

The Defendant's Motion for Limited Discovery on Venue is hereby DENIED.