785 So.2d 521 (2000)
CELEBRITY CRUISES, INC., Galaxy Cruise Services, a division of Celebrity Catering Services Partnership, and Apollo Ship Chandlers, Inc., Appellants,
v.
Noel HITOSIS, Appellee.
Nos. 3D00-769 and 3D99-3051.
District Court of Appeal of Florida, Third District.
September 6, 2000.
Rehearing Denied May 16, 2001.
Keller & Houch and Farris J. Martin, III, and Edwin E. Hightower, Jr., Coral Gables; Hicks, Anderson & Kneale and Dinah S. Stein and Mark Hicks, Miami, for appellants.
Luis A. Perez; Deutsch & Blumberg and James C. Blecke, for appellee.
Before COPE, GODERICH and SHEVIN, JJ.
SHEVIN, Judge.
Celebrity Cruises, Inc., Galaxy Cruise Services, and Apollo Ship Chandlers, Inc. [collectively "Celebrity"], appeal non-final orders denying their motions to dismiss based on a forum selection clause and on forum non conveniens grounds in an action Noel Hitosis, a Filipino seaman, filed in Miami-Dade County to recover damages for injuries suffered aboard a Celebrity vessel.[1] We affirm.
*522 As to the forum selection clause issue, Celebrity misplaces its reliance on the employment form signed by Hitosis. The form purports to vest the Philippines' "grievance machinery,"[2] as set forth in the revised seafarers employment contract, with exclusive jurisdiction of employment contract disputes.[3] However, it also states that "[t]his procedure shall be without prejudice to any action that the parties may take before the appropriate authority." In contrast to mandatory forum selection clauses that must be applied when not unreasonable or unjust, Garcia Granados Quinones v. Swiss Bank Corp., S.A., 509 So.2d 273 (Fla.1987), a permissive jurisdiction clause, such as the one here, merely "provide[s] that there may be jurisdiction over such litigation in a particular forum." Granados, 509 So.2d at 274. (emphasis added).[4] In this case, the abovequoted clause permits the pursuit of other remedies in other jurisdictions. Thus, it fails to mandate that the designated forum is the only forum in which Hitosis may seek relief. Accordingly, the clause is merely permissive: it constitutes "a consent to jurisdiction and venue in the named forum and do[es] not exclude jurisdiction or venue in any other forum." Granados, 509 So.2d at 274-75. Because the clause does not limit the available fora, the trial court properly declined to dismiss the action based on the forum selection clause. Therefore, we affirm the order.
Celebrity's citation to Marinechance Shipping, Ltd. v. Sebastian, 143 F.3d 216 (5th Cir.), cert. denied, 525 U.S. 1055, 119 S.Ct. 620, 142 L.Ed.2d 559 (1998), which held that Philippine authorities have exclusive jurisdiction over the seaman's claim pursuant to the POEA-drafted forum selection clause, does not mandate a different result: that clause differs substantively from the clause in this case. The Marinechance clause provides for resolving disputes exclusively "through the grievance machinery ..., the adjudication procedures of the POEA and the Philippine Courts of Justice, in that order," Marinechance, 143 F.3d at 219, (emphasis added), and it does not contain the "without prejudice" provision found in Hitosis' contract. Thus, Marinechance and other cases construing this provision are inapplicable. See Sabocuhan v. Geco-Prakla, 78 F.Supp.2d 603 (S.D.Tex.1999); Lejano v. Bandak, 705 So.2d 158 (La.1997), cert. denied, 525 U.S. 815, 119 S.Ct. 52, 142 L.Ed.2d 40 (1998); Barcelona v. Sea Victory Maritime, Inc., 619 So.2d 741 (La.Ct. App. 4th Cir.1993); Prado v. Sloman Neptun Schiffahrts A.G., 611 So.2d 691 (La.Ct.App. 4th 1992). Cf. Abuan v. Smedvig Tankships, Ltd., 717 So.2d 1194 (La.Ct.App. 4th Cir.1998)(refusing to enforce standard POEA-drafted forum selection clause).
*523 The trial court also properly denied Celebrity's forum non conveniens dismissal motion. In denying the motion, the trial court found that Celebrity did not carry its burden of showing that the Philippines was an adequate alternative forum for Hitosis' claims. The court also concluded that the private interests factor favored Miami-Dade County noting that defendants are American companies with headquarters in Miami-Dade County; that the ship's home port is Puerto Rico; that Celebrity provided Hitosis with maintenance and cure for approximately two years, including extensive medical treatment, in Miami; and that the medical witnesses are located here. Based on this record, we are unable to find that the trial court abused its discretion in applying the Kinney test. See Kinney Sys., Inc. v. Continental Ins. Co., 674 So.2d 86 (Fla.1996); Chiquita Int'l, Ltd. v. Fresh Del Monte Produce, N.V., 690 So.2d 698, 699-700 (Fla. 3d DCA)(private interest factors favor Dade County), review denied, 700 So.2d 685 (Fla.1997). We, therefore, affirm that order.
Affirmed.
NOTES
[1] The complaint contained counts for Jones Act negligence, unseaworthiness, maintenance and cure, and failure to treat.
[2] The National Labor Relations Commission [NLRC] or the Philippines Overseas Employment Administration [POEA].
[3] In both cases, the employment contract contains a section giving exclusive jurisdiction of disputes arising out of the contract to the NLRC or POEA.
[4] Because we conclude that the forum selection clause is merely permissive, it is unnecessary to determine whether a mandatory clause would be valid and enforceable or to decide whether the clause would be applicable to tort actions. See generally Alexandra E. Mora, Navigating the Waters of Forum-Selection Clauses in Maritime Employment Contracts, 12 U.S.F. Mar. L.J. 115 (2000)(discussing cases involving standard employment contracts drafted by the Philippine government); Michael J. Mahoney, Practical Guide to Analyzing Forum Selection Clauses in Personal Injury and Wrongful Death Claims under Maritime Contracts, 24 Tul. Mar. L.J. 706 (Spring 2000)(discussing litigation of forum selection and choice of law clauses in maritime employment contracts).