957 So.2d 705 (2007)
TELEMUNDO NETWORK GROUP, LLC, Appellant,
v.
AZTECA INTERNATIONAL CORPORATION d/b/a Azteca America Network and Bolas, LLC, Appellees.
No. 3D05-259.
District Court of Appeal of Florida, Third District.
June 6, 2007.
*707 Morgan, Lewis & Bockius, and Christopher P. Hammon, and Erik W. Scharf, and Larissa C. Garriga; Ogletree, Deakins, Nash, Smoak & Stewart, and Angel Castillo, Jr., Miami, for appellant.
Podhurst Orseck, and Stephen F. Rosenthal; Akerman Senterfitt, and James M. Miller, and Julie E. Nevins, and Francisco A. Rodriguez, Miami, for appellees.
Before GREEN, RAMIREZ, and ROTHENBERG, JJ.

ON MOTION FOR REHEARING
RAMIREZ, J.
We grant the motion for rehearing. Thus, we withdraw our opinion filed April 12, 2006, and substitute the following in its place.
Telemundo Network Group, LLC appeals the trial court's final order dismissing its action against Azteca International Corporation and Bolas, LLC, on forum non conveniens grounds. We reverse because the claims against Azteca America and Bolas should not have been dismissed on these grounds.

I. The Parties and Their Ties to Florida
The parties involved are all United States corporations doing business in the United States. Telemundo is a Delaware limited liability company authorized to do business in Florida and headquartered in Hialeah, Florida. It operates a Spanish-language broadcast television network that provides programming, including soccer games, to stations in the United States. Azteca International Corporation, a Delaware corporation with its principal business office located in New York City, does business as Azteca America Network, a direct competitor of Telemundo. Azteca America also supplies sports programming to its United States affiliate television stations, including stations in Florida. Bolas, LLC is a Delaware limited liability company with its principal business office located in Tucson, Arizona. Bolas buys and sells rights to broadcast television programming.
In May 2001, Bolas entered into one-year written license agreement with Telemundo, giving Telemundo the exclusive broadcast rights to televise the regular season home games of the Jaguares in the United States. The Jaguares are a professional Mexican soccer team. Bolas and Telemundo renewed this agreement in 2002 and 2003. Pursuant to this license agreement and its renewals, Telemundo televised the Jaguares home games in the United States continuously from 2001 through December 2003. The 2003 license agreement provides that Florida law governs the agreement and that the state and federal courts of Miami-Dade County, Florida, have exclusive jurisdiction over Bolas and Telemundo for any litigation arising from this agreement. Telemundo recorded the 2003 license agreement in the public records of the United States Copyright *708 Office in Washington, D.C. on February 2, 2004.
In June 2003, while Telemundo was broadcasting the Jaguares' home games in the United States, a Mexican entity known as Chiapas Futbol Club, S.A. de C.V. acquired ownership of the Jaguares. The sale of the team specifically included the agreement to honor the May 2001, three-year license agreement whereby Bolas owned the exclusive broadcast rights to televise the Jaguares' home games in the United States through the end of 2004. On January 16, 2004, Telemundo notified Azteca America that Telemundo held the exclusive broadcast rights to all of the Jaguares home games in the United States through the end of the 2004 season.
Telemundo alleges that on January 17, 2004, Bolas failed to transmit to Telemundo, in violation of the 2003 license agreement, the satellite signal for the Jaguares home game that Telemundo had already scheduled and promoted throughout the United States for that date. Consequently, Telemundo was forced to broadcast to its viewers nationwide a different program in that time slot. Telemundo immediately informed Bolas that it was in material breach of the 2003 agreement. Thereafter, Bolas failed to transmit any of the remaining Jaguares games to Telemundo until the team's participation in the 2004 season ended on May 29, 2004, while Azteca America broadcasted all of the games in the United States. In February 2004, the Chiapas Futbol Club notified Telemundo that on some prior date, Chiapas Futbol Club had granted an exclusive license to T.V. Azteca to televise the Jaguares home games for the 2004 season, in Mexico, the United States, and other countries.

II. Telemundo's Action in the Trial Court
Telemundo's Amended Complaint against Azteca America and Bolas sought damages against Bolas for breach of the license agreement and alleged that Bolas failed to provide a satellite feed to Telemundo for the Jaguares home games pursuant to the agreement. Telemundo also sought damages against Bolas that it allegedly sustained as a direct and proximate result of the alleged breach of contract by Bolas. Telemundo sued Azteca America for intentional and unjustifiable tortious interference with the contractual relationship between Telemundo and Bolas, and for conversion, alleging that, with actual knowledge of the existence of Telemundo's claim to property rights to broadcast the Jaguares home games in the United States, Azteca America intentionally converted those rights to its own profit and to the detriment of Telemundo, by transmitting certain games in Florida and other places throughout the United States.
In response, Azteca America filed a motion to dismiss alleging forum non conveniens, failure to join indispensable parties, and failure to state a cause of action. Bolas answered the amended complaint. The trial court agreed first to hear argument on Azteca America's forum non conveniens grounds. After holding two hearings on the issue, the trial court granted Azteca America's motion to dismiss on forum non conveniens grounds and entered a commendably thorough, twenty-page order addressing all the factors outlined in Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla.1996). The order, however, did not deal with Telemundo's claims against Bolas separately, but rather dismissed the claims against Bolas along with the claims against Azteca America. Telemundo then filed this appeal.

III. Kinney Factors Analysis
In Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla.1996), the Florida Supreme Court held that a trial court's ruling, granting or denying a motion *709 to dismiss on forum non conveniens grounds, must be reviewed under an abuse of discretion standard. Kinney, 674 So.2d at 93-94. But as this Court stated in Kawasaki Motors Corp. v. Foster, 899 So.2d 408, 410-11 (Fla. 3d DCA 2005), "review of the Kinney standard has evolved into an abuse of discretion/de novo standard, depending on the extent of the trial judges [sic] analysis and whether the appellate record is sufficient to allow the reviewing court to reach its own conclusions." (citing Aerolineas Argentinas, S.A. v. Gimenez, 807 So.2d 111, 115 (Fla. 3d DCA 2002)(Sorondo, J., specially concurring))(citing Bacardi v. De Lindzon, 728 So.2d 309 (Fla. 3d DCA 1999), app'd, 845 So.2d 33 (Fla.2002)).
In Kinney, the Florida Supreme Court held that a trial court presented with a motion to dismiss on the basis of forum non conveniens must conduct a four-step analysis, later codified in Florida Rule of Civil Procedure 1.061(a), which provides that:
(a) Grounds for Dismissal. An action may be dismissed on the ground that a satisfactory remedy may be more conveniently sought in a jurisdiction other than Florida when:
(1) the trial court finds that an adequate alternate forum exists which possesses jurisdiction over the whole case, including all of the parties;
(2) the trial court finds that all relevant factors of private interest favor the alternate forum, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice;
(3) if the balance of private interests is at or near equipoise, the court further finds that factors of public interest tip the balance in favor of trial in the alternate forum; and
(4) the trial judge ensures that plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice.
Fla. R. Civ. P. 1.061(a). The defendant attempting to dismiss the action on forum non conveniens grounds bears the burden of proof on each element of the Kinney analysis. Carenza v. Sun Int'l Hotels, Ltd., 699 So.2d 830, 832 (Fla. 4th DCA 1997). Significantly for our case, the Florida Supreme Court stated in Kinney that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Kinney, 674 So.2d at 89 (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1946)). Dismissal of a case for forum non conveniens in cases where a domestic plaintiff is suing in its home forum should be granted only in "unusually extreme circumstances" where the court is "thoroughly convinced that material injustice is manifest." SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A., 382 F.3d 1097, 1101 (11th Cir.2004); Piper Aircraft Co. v. Reyno, 454 U.S. 235, 257, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). Applying each of the four Kinney factors codified in rule 1.061, we find that the trial court erred in granting Azteca America's motion to dismiss, as well as in dismissing Telemundo's claims against Bolas.

A. Adequate Alternative Forum
The trial court acknowledged that Telemundo could not assert its tortious interference claim against Azteca America in Mexico, as well as the fact that there is a forum-selection clause in Telemundo's license agreement with Bolas. Nevertheless, the court found that Mexico was an adequate alternative forum.
We conclude that the trial court erred in finding that Mexico was an adequate alternative forum for Telemundo to sue the appellees. Mexico does not recognize *710 any of the causes of action that Telemundo could assert to obtain similar relief it would get in a Florida court. The Florida Supreme Court in Kinney made it clear that "the courts in the alternative forum must genuinely be open and available to potentially provide a convenient remedy for the injury or breach complained of, assuming the injury or breach is proved and otherwise meets the applicable legal requirements." Kinney, 674 So.2d at 92; Bacardi v. Lindzon, 845 So.2d at 36 (Fla.2002). If this alternate forum does not exist, the court may not proceed with the Kinney analysis and is required to deny the motion to dismiss. McCarter v. Bigfoot Indust., Inc., 805 So.2d 1028, 1032 (Fla. 4th DCA 2001).
Azteca America conceded that Mexican law does not recognize the claim of tortious interference with a contract, as well as the fact that the Mexican legal system does not recognize any third-party actions relating to contractual rights. To meet its burden of showing an adequate alternative forum, Azteca America submitted declarations of a Mexican expert, Roberto Arochi-Escalante, which the trial court relied on in making its decision. A careful review of this expert's declaration reveals that these substitute causes of action the expert identified amount to no remedy at all, and thus Azteca America failed to establish that an adequate alternative forum existed.
For example, Arochi-Escalante concluded that Telemundo could only sue Azteca America in Mexico for its acquisition, not its use, of the broadcast rights that Telemundo acquired, and only if Azteca America acted wrongfully in acquiring the broadcast rights. The law in Mexico thus would require Telemundo to prove that both T.V. Azteca and Azteca America's acquisition was wrongful. Arochi-Escalante declared that Telemundo had to prove that Azteca America engaged in "illegal acts" under a Mexican code provision to show its wrongful acquisition. However, Arochi-Escalante did not point to any Mexican precedent where a plaintiff alleging comparable facts was granted relief pursuant to the "illegal acts" provision of the Mexican code. In contrast, to assert a cause of action in Florida for tortious interference, Telemundo only has to show the elements of tortious interference, which does not require the plaintiff to prove the defendant committed an "illegal act." See Tamiami Trail Tours, Inc. v. Cotton, 463 So.2d 1126, 1127 (Fla.1985)(discussing the elements of a cause of action for tortious interference in Florida).
Arochi-Escalante further proposed that Telemundo could sue Azteca America in Mexico for "eviction" for its deprivation of Telemundo's United States broadcast rights. However, according to Arochi-Escalante, to do this, Telemundo would have to join various entities, including the Jaguares owners and T.V. Azteca in the action. Thus, Telemundo could not sue Azteca America in Mexico without also suing other Mexican entities. Furthermore, as Telemundo's Mexican law expert, Victor M. Frias, stated, to prosecute successfully an eviction action in Mexico, a plaintiff must have been deprived of property by a final judgment. This is not the case here. In addition, a first-in-time buyer can bring an eviction action against only the seller. Consequently, Telemundo would not be able to bring an eviction action against Azteca America, but only against Bolas, the party that has the Miami-Dade County, Florida forum selection clause in its agreement.
In sum, the record clearly demonstrates that Telemundo's remedy in Mexico amounts to no remedy at all. Consequently, the trial court erred in finding that Mexico was an adequate alternative forum *711 for Telemundo to bring its claims against appellees.

B. Private Interests
Even were we to agree with Azteca America and Bolas that they succeeded in demonstrating that Mexico was an adequate forum for Telemundo's claims against them, we conclude that the private interests in the Kinney analysis also favor Telemundo. The second step in the Kinney analysis weighs the parties' "private interests." "Private interests" involve adequate access to evidence and relevant sites, adequate access to witnesses, adequate enforcement of judgments, and the practicalities and expenses associated with the litigation. In addition, according to SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A., 382 F.3d 1097, 1101 (11th Cir.2004), the federal Eleventh Circuit "`require[s] positive evidence of unusually extreme circumstances, and should be thoroughly convinced that material injustice is manifest before exercising any such discretion as may exist to deny a United States citizen access to the courts of this country.'".
Here, the trial court did not find that all the relevant factors of private interest favored the alternate forum, weighing in the balance a strong presumption against disturbing Telemundo's initial forum choice. What the trial court did find was that "[f]rom the standpoint of witness and document availability and inconvenience to the parties," the private interests were in equipoise. However, the trial court then found that "the risk of inconsistent judgments should this case proceed in Florida tips the private interest in Azteca America's favor for dismissal on forum non conveniens grounds." Basically, the trial court believed this one factor outweighed the heavy presumption that should be accorded to the plaintiff's home forum.
Appellees have cited no Florida case to support the position, nor have we found one, where a local plaintiff suing a local defendant has had its case dismissed based on forum non conveniens grounds where a defendant has alleged the possibility of inconsistent judgments or the possible need to implead a third party. To find that the appellees' assertion constitutes "unusually extreme circumstances" here would mean that all a United States defendant would have to do to defeat a plaintiff's local choice of forum is to assert that a foreign third party might be potentially liable to the defendant for a breach or tort. This would fly in the face of Kinney's "strong presumption" in favor of a plaintiff's choice of forum. Kinney, 674 So.2d at 91.
Moreover, it appears that there is no need to implead Mexican third parties to decide Telemundo's claims. Appellees argued to the trial court that the "ownership" issue had to be decided to resolve Telemundo's action in Miami. This argument focuses on the misplaced idea that the central issue of Telemundo's claims was ownership of the broadcasting rights in the United States. It assumes that to prove ownership, third-party Mexican entities have to be parties in the action. As Telemundo demonstrated, the documents that Telemundo and Azteca have already presented to the trial court indicate that the original owner of the rights sold the rights to Bolas. Bolas then sold them to Telemundo, before Azteca America claims to have acquired any competing rights. The evidence established that Azteca America had actual knowledge of Telemundo's ownership of the broadcast rights before it converted them to its use and transmitted the soccer games. The trial court itself acknowledged that it would not be "impossible to accurately determine what the Mexican law is on all the issues in this case." There are no factual disputes about *712 any events occurring in Mexico which would affect the outcome of the ownership issue, if, in fact, Telemundo's claims required that issue to be resolved.
Additionally, the cases cited by the trial court in its order regarding this issue are distinguishable. As Telemundo correctly points out, this is not a case where third parties not involved in the litigation may be fully or partially liable to Telemundo for the claims Telemundo raises against Azteca America and Bolas. The wrongs that Telemundo alleged Azteca America and Bolas committed are separate and independent of any wrongs that third-party Mexican entities may have committed. The trial court specifically acknowledged this fact.
Courts have found that the ability to implead may be taken into account, but it should not overrule a plaintiff's right to sue in the United States. See Sun Trust Bank v. Sun Int'l Hotels, Ltd., 184 F.Supp.2d 1246, 1265 (S.D.Fla.2001); J.I. Kislak Mortgage Corp. v. Connecticut Bank & Trust Co., N.A., 604 F.Supp. 346, 348 (S.D.Fla.1985).[1] Here, even if Azteca America or Bolas were unsuccessful in joining other Mexican third parties, they have not demonstrated that this would result in substantial prejudice to them. The appellees could still argue at trial in Miami that Telemundo's harm was caused by acts of other Mexican entities, and, should they choose, they could still pursue a lawsuit in Mexico against those Mexican third parties.
The trial court recognized in its order that "dismissal of a case for forum non conveniens in cases where a domestic plaintiff is suing in its home forum should be granted only in `extreme circumstances' where the court is `thoroughly convinced that material injustice is manifest,'" citing to SME Racks and Piper Aircraft Co. v. Reyno, 454 U.S. 235, 257, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). We believe the trial court erred in not affording Telemundo the strong presumption regarding its forum choice required under the law. Because the private interests here are in favor of Telemundo, the claims against appellees should not have been dismissed.

C. Public Interests
The third element of the Rule 1.061 test is if the balance of private interests is at or near equipoise, the court must further find that factors of public interest tip the balance in favor of trial in the alternate forum. Fla. R. Civ. P. 1.061(a)(3). We agree with Telemundo that even if we were to side with the appellees on their adequate alternative forum and private interests analysis, the public interests favor Telemundo's choice of forum.
Generally, the public interest factors inquiry focuses on "whether the case has a general nexus with the forum sufficient to justify the forum's commitment of judicial time and resources to it." Kinney, 674 So.2d at 92. Here, each of the parties involved is a United States corporation. The dispute involves United States broadcasts rights, registered in the United States under United States copyright law. Telemundo is a Florida corporation, based in Hialeah, Florida, that is seeking to enforce its contractual rights that were *713 breached by Azteca America and Bolas through actions these parties took against Telemundo in the United States. Telemundo's injuries occurred mainly in Florida. Telemundo is also seeking to prevent tortious interference in its Florida contract by actions that occurred in Florida, as well as throughout the rest of the United States. Bolas entered into a contract with Telemundo stating that Florida law was controlling, agreeing to Florida jurisdiction, and waiving any challenge to Florida as a forum. The public interests here favor litigation in Florida, and Mexico's interests regarding television broadcasts in the United States is, at best, secondary. Florida's interest in protecting its citizens from breach of contract and tortious actions outweigh any alleged interest of the Mexican courts in determining ownership issues. Accordingly, we conclude that the public interests favor Telemundo's choice of forum.

D. Undue Inconvenience or Prejudice
Finally, the last element of the Kinney analysis considers the prejudice or inconvenience of Telemundo having to refile the case in Mexico. We find that this factor did not support dismissal of Telemundo's action against the appellees.
Telemundo has no presence in Mexico. If it was required to refile this case in Mexico, it would have to implead up to ten parties in Mexico, which would require service of process on these parties. Telemundo would have to retain Mexican lawyers and litigate in Spanish. Furthermore, by filing a lawsuit in Mexico, Telemundo would subject itself to counterclaims by the new Mexican entities that it sued.
Florida courts must ensure that "the remedy potentially available in the alternative forum does not become illusory." Kinney, 674 So.2d at 90 (Fla.1996). As Telemundo points out, cases where courts find that there is little or no inconvenience or prejudice to the plaintiff are often cases where the plaintiff is not a resident of its chosen forum or where the plaintiff conducts business in the alternative forum. See, e.g., Tananta v. Cruise Ships Catering & Servs. Int'l., N.V., 909 So.2d 874, 878 (Fla. 3d DCA 2004); Membreno v. Costa Crociere, S.p.A., 347 F.Supp.2d 1289, 1298 (S.D.Fla.2004). This is not the scenario we have here. We thus conclude that there is a great inconvenience to Telemundo if it is required to sue the appellees in Mexico.
Telemundo's point is well-taken that if it is not allowed to sue in this state, a Florida business relying on the services of a United States company as a middleman/distributor could always be forced out of Florida courts any time a dispute emerges over provision of goods or services from a foreign country, as long as the defendant, as here, alleges that a foreign third-party is ultimately at fault and the foreign country provides a minimally adequate forum. The Florida Supreme Court in Kinney stated, "Nothing in our law establishes a policy that Florida must be a courthouse for the world, nor that the taxpayers of the state must pay to resolve disputes utterly unconnected with this states interest." Id. at 88. However, we must ensure that we are still the court for our own Florida citizens. We do not believe that dismissal of Telemundo's claims under circumstances such as these is what the case law on forum non conveniens envisioned.

IV. Dismissal of Action Against Bolas
Turning now to Bolas, we find that dismissal of Telemundo's action against Bolas was not warranted. Bolas did not even seek dismissal. The contract in question between Telemundo and Bolas contained a forum selection clause (Miami), as well as a choice of law clause (Florida law). The forum-selection clause was mandatory, specifically requiring Bolas not *714 to challenge Miami as a forum. As such, Bolas waived any claim that Florida is an inconvenient forum. The failure to give effect to this mandatory choice of forum clause in the parties' contract was reversible error with regard to Bolas. Where a defendant has contractually agreed to a specific forum and waived the right to object to it, a court may not dismiss claims against that defendant on forum non conveniens grounds. Four Stars Resorts Bahamas, Ltd. v. Allegro Resorts Mgmt. Serv., 734 So.2d 576, 577 (Fla. 3d DCA 1999). See also Bombardier Capital, Inc. v. Progressive Mktg. Group, Inc., 801 So.2d 131, 134 (Fla. 4th DCA 2001)("Forum selection clauses are presumptively valid and should be enforced in the absence of a showing that enforcement would be unreasonable or unjust.").

V. Conclusion
Our analysis of the Kinney factors supports Telemundo's position that its claims against Azteca America and Bolas should not have been dismissed. Accordingly, the trial court's order is reversed. The case is remanded to the trial court for reinstatement of Telemundo's action against Azteca America and Bolas.
Reversed and remanded with instructions.
NOTES
[1] See also Olympic Corp. v. Societe Generale, supra. Olympic Corp. v. Societe Generale, 462 F.2d 376, 379 (2d Cir.1972)(in a close case, the benefit of impleader may be taken into account, but benefits are not so important as to counteract the overwhelming evidence that the plaintiff should be permitted to sue in the United States); Mowrey v. Johnson & Johnson, 524 F.Supp. 771, 776 (W.D.Pa.1981) (neither the inability to implead third parties nor the lack of compulsory process necessarily mandates forum non conveniens dismissal of an action).