ROTHENBERG, J.
(dissenting).
Simply put, the majority affirms the trial court’s order transferring a lawsuit filed by a United States citizen, who resides in California, against several Florida defendants on the basis of forum non conve-niens. Because the trial court and the majority failed to afford proper deference to the plaintiffs choice of forum, and the record reflects that the defendants failed to establish that Quintana Roo, Mexico, is an adequate forum under the facts and circumstances of this lawsuit, or that the private and public factors weigh in favor of litigating the plaintiffs causes of action in Mexico, I respectfully dissent.

THE FACTS

It is undisputed that the plaintiff, Shahla M. Rabie Cortez (“Cortez” or “Plaintiff’), was sexually assaulted by a masseuse while she was vacationing at the Moon Palace Golf and Spa Resort in Cancún, which is located in Quintana Roo, Mexico. The masseuse confessed to sexually assaulting Cortez. Cortez initially filed suit against several entities, including various Florida defendants, Mexican defendants, and her travel agent. In response to the travel agent’s motion for summary judgment and the Mexican defendants’ motion to dismiss for lack of personal jurisdiction, Cortez voluntarily dismissed her claims against the Mexican defendants and her travel agent. “The Florida Defendants,” as they refer to themselves in this action (Palace Resorts, Inc., Palace Resorts, LLC, and Tradco Ltd., Inc.), filed a motion to dismiss based on forum non conveniens, which was granted by the trial court and is the subject of this appeal.
Palace Resorts, Inc., is a Delaware corporation; Palace Resorts, LLC is a Delaware limited liability company, and Tradco, Ltd., Inc., is a foreign corporation. All three defendants are doing business in Florida and are headquartered at the same Miami address. The complaint charges the Florida Defendants with negligent vacation packaging.
In support of their motion to dismiss, the Florida Defendants submitted various items including an affidavit executed by their expert Manuel Garcia Pimentel Cara-za, the deposition of Mr. Caraza taken by the Plaintiff, and an affidavit executed by Lourdes Rodriguez, the Florida Defendants’ Chief Operating Officer. The Florida Defendants, by way of Ms. Rodriguez’s affidavit, sought dismissal of this action by stating, after qualifying her statements as “true and correct and are made upon [her] personal knowledge,” that neither Palace *965 Resorts Travel, Inc., d/b/a Palace Resorts, Inc., nor Palace Resorts, Inc:
13. received any funds of any kind as a result of Plaintiffs stay at the Moon Palace Golf and Spa Resort.
14. were involved in the booking or reservation of Plaintiffs stay at the Moon Palace Golf and Spa Resort.
15. does business, or have ever done business as ... Palace Resorts....
and that
19. all booking and reservations for the Palace Resorts Hotels in Mexico— including the Cancún Palace Hotel — are done in Mexico through the “General Reservation Center” located at the Moon Palace, Cancun, Mexico. The reservations are booked by Palace Resorts, S.A. de C.V. [a Mexican corporation].
20. Any incident reports that were prepared by the Moon Palace Golf and Spa Resort’s management and any company documents relevant to the incident described in Plaintiffs Complaint are all located in Mexico.
The Florida Defendants and Ms. Rodriguez now admit that each and every one of these statements was false.
The record in this case reflects that the Florida Defendants and Ms. Rodriguez have a long history of deceiving or attempting to deceive the courts of this State by submitting affidavits with similar false statements, but which they now admit were false. See Weiss v. Palace Resorts, Inc., No. 07-03385 CA 11;[8] Discipio v. Operadora Palace Resorts, S. de R.L. de C.V., No. 06-26242 CA 10;[9] Shapiro v. Palace Resorts, Inc., No. 06-23603 CA 8;[10] Kobryn v. Palace Resorts, Inc., No. 06-06555.[11]
What has now been established by the Plaintiff is that Miami is the operational, managerial, and marketing center for the entire Palace Resorts group and that the Florida Defendants control: marketing; sales to individuals, groups, and travel agents; timeshare programs; customer service; press relations; and finance for the entire Palace Resorts Group. The Florida Defendants manage the entire U.S. market, which represents seventy percent of Palace Resorts’ business; the president of most of the Palace companies lives and works in Miami; and the Florida Defendants employ nearly one hundred employees in Miami. More importantly, the plaintiff alleges that: customer complaints are investigated by the Florida Defendants at their Miami corporate headquarters; the Florida Defendants issue refunds to unhappy customers, design vacation packages for all the Palace Resort hotels, approve all marketing literature, manage hotel websites, and issue all press *966 releases at their Miami headquarters; and their Miami headquarters is the record-keeping center for the Mexican Palace Resorts hotels.
In addition to the affidavits and deposition submitted by the Florida Defendants, the Plaintiff submitted an affidavit of her expert, Ovalle Piedra. Although the affidavits of the two experts materially conflict, no evidentiary hearing was conducted, the trial court made no credibility determinations, and the trial court issued its order granting the Florida Defendants’ motion.

STANDARD OF REVIEW

In Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla.1996) the Florida Supreme Court held that a trial court’s ruling granting or denying a motion to dismiss on forum non conveniens grounds is reviewed for an abuse of discretion. However, this Court has taken the position that “the Kinney standard has evolved into an abuse of discretion/de novo standard, depending on the extent of the trial judges [sic] analysis and whether the appellate record is sufficient to allow the reviewing court to reach its own conclusions.” Telemundo Network Grp., LLC v. Azteca Int’l Corp., 957 So.2d 705, 709 (Fla. 3d DCA 2007) (quoting Kawasaki Motors Corp. v. Foster, 899 So.2d 408, 410-11 (Fla. 3d DCA 2005), citing Aerolineas Argentinas, S.A. v. Gimenez, 807 So.2d 111, 115 (Fla. 3d DCA 2002) (Sorondo, J., concurring) citing Bacardi v. De Lindzon, 728 So.2d 309 (Fla. 3d DCA 1999), approved, 845 So.2d 33 (Fla.2002)).
While the other district courts of appeal have not adopted the abuse of discretion/de novo standard employed by this district, such a standard makes perfect sense when, as here, no live testimony was presented and where the trial court’s order is, for the most part, conclusory. For example, in making its finding as to the adequacy of the foreign forum, the trial court’s order states only the following:
[B]asked on the affidavits supplied by Defendants, the Court is of the opinion that the State of Quintana Roo, Mexico, will provide Plaintiff with an adequate remedy. Moreover, the parties will be provided with adequate access to evidence and relevant sites. As such, this Court finds that Cancún, State of Quin-tana Roo, Mexico is an adequate forum.

BURDEN OF PROOF

It is well settled law that the party moving to dismiss an action on forum non conveniens grounds, which in this case is the Florida Defendants, bears the burden to prove that “a satisfactory remedy may be more conveniently sought in a jurisdiction other than the [plaintiffs chosen forum].” Fla. R. Civ. P. 1.061. This burden extends to each element of the Kinney analysis, Telemundo, 957 So.2d at 709; Bridgestone/Firestone N. Am. Tire, LLC v. Garcia, 991 so.2d 912, 917 (Fla. 4th DCA 2008), and “unless the balance is strongly in favor of the defendant, the plaintiffs choice of forum should rarely be disturbed.” Kinney, 674 So.2d at 89 (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1946)); see also Sinochem Int’l. Co. v. Malaysia Int’l Shipping Corp., 549 U.S. 422, 430, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007) (holding that a defendant invoking forum non conveniens “bears a heavy burden in opposing the plaintiffs chosen forum”).
The Kinney factors that the Florida Defendants must prove are:
(1) ... that an adequate alternative forum exists which possesses jurisdiction over the whole case, including all of the parties;
(2) ... that all relevant factors of private interest favor the alternate fo *967 rum, weighing in the balance a strong presumption against disturbing plaintiffs] initial forum choice;
(3) if the balance of private interests is at or near equipoise, [the] factors of public interest tip the balance in favor of trial in the alternate forum; and
(4) ... plaintiff[ ] can reinstate [her] suit in the alternate forum without undue inconvenience or prejudice.
Fla. R. Civ. P. 1.061(a).

THE FLORIDA DEFENDANTS DID NOT MEET THEIR BURDEN

A. Availability and adequacy of the foreign forum
(1) The availability prong
The trial court found that Quintana Roo, Mexico, is an available forum for purposes of a forum non conveniens analysis because the Florida Defendants agreed to process and jurisdiction in Mexico, and waived any statute of limitations defense. The trial court, however, failed to consider or address whether the court in Quintana Roo would have jurisdiction over the Florida Defendants since these defendants are not domiciled in Mexico. The Plaintiffs expert, Ms. Piedra, averred that the criteria to determine jurisdiction in Mexico in a “personal action” such as this one is the domicile of the defendant, and given that the Florida Defendants are located in Florida, Quintana Roo will not accept jurisdiction over them. The Florida Defendants’ expert, Mr. Caraza, averred that Quintana Roo would have personal jurisdiction over the Florida Defendants if they operate or own a business in Quintana Roo or they do business within the state and submit to its jurisdiction. The trial court’s order fails to address or resolve the conflicting evidence. Because: neither expert testified at the hearing; the trial court made no credibility determinations; the record reflects that the Florida Defendants’ expert could not recall the last time he had handled a civil case in Mexico but believed it was in the 1980’s; and the Florida Defendants’ expert testified he never litigated in a court in the State of Quintana Roo, but was basing his testimony on the generalized law in the country of Mexico, the Florida Defendants did not satisfy their burden of proof as to whether Quintana Roo is an available forum.
(2) The adequacy prong
The trial court’s order regarding this prong of the Kinney analysis provides no analysis and makes no findings. Instead, the order states in conclusory fashion that “based on the affidavits by Defendants, the Court is of the opinion that the State of Quintana Roo, Mexico, will provide Plaintiff with an adequate remedy.” (emphasis added). Although the trial court’s order is legally deficient, failure to perform the requisite analysis or to make specific findings is not always fatal on appellate review. See Wood v. Bluestone, 9 So.3d 671, 673 (Fla. 4th DCA 2009) (finding that “[i]f the record is sufficient to review the trial court’s ultimate determination, the scarcity of the text of the order will not matter); R.J. Reynolds Tobacco Co. v. Carter, 951 So.2d 105, 107 (Fla. 3d DCA 2007) (concluding that although the trial court failed to address the Kinney factors, because the record was sufficiently developed and the facts relative to the issue of forum non conveniens were basically undisputed, remand was unnecessary). In the instant case, however, the trial court’s determination regarding the adequacy prong of the Kinney analysis is not only defective because it is a concluso-ry statement devoid of any findings, it is fatally flawed because it is based solely on the affidavits supplied by the Florida Defendants, and the facts related to forum non conveniens were disputed.
*968 There are four issues that are fatal to the trial court’s reliance on the Florida Defendants’ affidavits as the sole source for its conclusions. First, as already stated, the Florida Defendants’ Chief Operating Officer, Lourdes Rodriguez, was deposed subsequent to her affidavit, and in her deposition she admitted that many of the statements she made under oath in her affidavit were false. It was, therefore, error to rely on the false statements contained in Ms. Rodriguez’s affidavit. Second, Mr. Caraza, the Florida Defendants’ expert, was also deposed and the reliability of his affidavit statements were called into question by his deposition answers. Third, Mr. Caraza’s affidavit statements were further called into question by the counter-affidavit submitted by Ms. Piedra, the Plaintiffs expert. Fourth, many material statements made by Ms. Piedra in her affidavit regarding the adequacy of Quinta-na Roo, as a forum to address the Plaintiffs claims, were unrefuted and therefore should have been considered by the trial court. The failure to perform the requisite analysis and to consider all the evidence submitted based on this record was a clear abuse of discretion.
By basing its adequacy determination solely on the affidavits submitted by the Florida Defendants, the trial court clearly abused its discretion because some of the evidence contained in the affidavit submitted by Ms. Piedra, the Plaintiffs expert, was unrefuted, and some of the evidence was subsequently confirmed by the Florida Defendants’ expert in his deposition. For example, Ms. Piedra stated that the nature of the Plaintiffs injury will require that the Plaintiff adapt her legal theory to Mexican causes of action that have rarely, if ever, been employed in the alternative forum, and she was “not aware of a single case brought as a civil action in the Courts of Mexico involving allegations of personal injury as a result of sexual assault.” (emphasis added). These matters are handled criminally in Mexico. The Florida Defendants’ expert confirmed during his deposition that he was also unaware of such a case. This lack of precedent, and reliance on a theoretical possibility of recovery, casts doubt on the adequacy of Quintana Roo, Mexico, as a forum for Cortez’s causes of action. See Telemundo, 957 So.2d at 710 (concluding that substitute causes of action in the alternate forum amounted to no remedy at all, in part based on lack of precedent). Accord Jackson v. Grupo Industrial Hotelero, SA., No. 07-22046, 2008 WL 4648999, *10-11 (S.D.Fla. Oct.20, 2008) (denying a motion to dismiss based on forum non conveniens in an intellectual property dispute where the causes of action and remedies at issue were unsettled in Mexico).
Even if Cortez was able to proceed in Mexico, Ms. Piedra in her affidavit and Mr. Caraza in his deposition, both testified that the standard of proof in such cases would be exceptionally high, and to prove significant facts in a non-commercial case, such as this tort case, normally requires the testimony of two witnesses. The whereabouts of the masseuse who sexually assaulted Cortez and who is the only other witness to the assault, is unknown, leaving Cortez without a second witness to corroborate her testimony. Although the masseuse’s admissions would be admissible in Florida, the Florida Defendants presented no evidence that his hearsay statements would be admissible in Quintana Roo.
Also not considered by the trial court, and uncontested in the record, was Ms. Piedra’s sworn testimony that damages for a cause of action based on negligent vacation packaging or selection of supplier, where the supporting facts rely on injury caused by a sexual assault, would likely be unavailable in Quintana Roo. Additionally, damages for such an action, if maintaina *969 ble, would be limited to between $5,000 and $15,000, and because of the low damages and difficulty in proof, finding counsel to represent Cortez would be difficult. Moreover, Ms. Piedra testified that firms practicing personal injury law are rare. An award of $5,000 to $15,000 would not even cover Cortez’s costs, which include transportation to and lodging in Mexico to litigate this case.
Thus, the trial court’s reliance solely on the affidavits submitted by the Florida Defendants was error and its conclusory determination that Quintana Roo is an adequate alternate forum is unsupported by the record. An alternate forum is inadequate where “the remedy offered by the other forum is clearly unsatisfactory ... [and] if the remedy there clearly amounts to no remedy at all.” Kinney, 674 So.2d at 90-91. Cortez presented evidence that Quintana Roo was an inadequate forum and that any meaningful recovery was illusory. Because the Florida Defendants failed to overcome this evidence, the trial court abused its discretion in finding that the alternate forum was adequate.
B. Private interests
In weighing the private interests, “the reviewing court always should remember that a strong presumption favors the plaintiffs choice of forum. Thus, the presumption can be defeated only if the relative disadvantages to the defendant’s private interests are of sufficient weight to overcome the presumption.” Kinney, 674 So.2d at 91; see also Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) (finding that a plaintiff’s choice of forum should rarely be disturbed “unless the balance is strongly in favor of the defendant”) (emphasis added). Here, because Cortez resides in California, and she filed her complaint in Florida, where the Florida Defendants are located, the trial court treated her as a foreign plaintiff and afforded little deference to her chosen forum. This was error.
Before denying a United States citizen access to the courts of this country, the reviewing court must “require positive evidence of unusually extreme circumstances, and should be thoroughly convinced that material injustice is manifest.” SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A., 382 F.3d 1097, 1101 (11th Cir.2004) (quoting La Seguridad v. Transytur Line, 707 F.2d 1304, 1308 n. 7 (11th Cir.1983)). Keeping this case in Florida would not be extreme, and it would not cause manifest injustice to the Florida Defendants. Cortez is a United States citizen, and the defendants are Florida defendants. Cortez filed her lawsuit in Florida where the Florida Defendants have their headquarters and where they conduct substantial business and operate and manage the Palace entities.
As this Court noted in Cardoso v. FPB Bank, 879 So.2d 1247, 1250 (Fla. 3d DCA 2004), “a forum non conveniens argument coming from a party sued where [it] resides is both puzzling and strange.” The Florida Defendants, with a straight face, claim that Quintana Roo, Mexico, is a more convenient forum to litigate a United States citizen’s negligent vacation packaging claim against them, although Miami is where their corporate headquarters is located, all the Palace Resort hotels’ vacation packages are approved, and all customer complaints are investigated. Because Miami is the operational, managerial, and marketing center for the entire Palace Resorts group, the Florida Defendants control marketing and sales, and Miami is the record keeping center for the Mexican Palace Resorts hotels, it is difficult to understand how, based on Cortez’s causes of action, Mexico would be a more convenient forum.
Coupled with these circumstances, the Plaintiffs allegations regarding her rea *970 sons for suing in Florida, and the evidence in this record, are sufficient to preserve deference to her forum choice. “Where a corporation is actually carrying on business in the state and plaintiffs make an offer of proof concerning the defendants’ in-state activities which supports the allegations that the tortious conduct occurred in the state, the corporate connection to the state is more than tenuous, and weighs against dismissal.” See Picketts v. Int’l Playtex, Inc., 215 Conn. 490, 576 A.2d 518, 525 (1990). As a result, Cortez’s forum choice deserved great deference. See SME, 382 F.3d at 1101 (holding that the “presumption in favor of the plaintiffs’ initial forum is at its strongest when the plaintiffs are citizens, residents, or corporations of this country); Iragorri v. United Techs. Corp., 274 F.3d 65, 71-72 (2d Cir.2001) (en banc) (concluding that when considering what degree of deference to accord a United States plaintiffs choice of forum where the forum is different from the one in which the plaintiff resides, a sliding scale should be used. The more it appears that the plaintiffs choice of forum was based on reasons the law recognizes as valid, the greater the deference will be given to the plaintiffs forum choice).
In addition, the private interest element involves practical concerns related to access to evidence, access to witnesses, adequate enforcement of judgments, and the practicalities and expenses associated with the litigation. Kinney, 674 So.2d at 91. There are three deficiencies in the trial court’s order that show the trial court erroneously assessed the practical concerns relating to litigating this case in Quintana Roo, Mexico.
First, although not controlling regarding adequacy of the forum, Cortez’s undisputed difficulty in obtaining counsel on a contingency basis is relevant to our analysis of whether Quintana Roo is an inconvenient forum for this suit. See Wilson v. Island Seas Invs., Ltd., 590 F.3d 1264, 1271-72 (11th Cir.2009) (reversing a dismissal on forum non conveniens for among other reasons, the trial court’s failure to consider financial hardship from prosecuting in the alternative forum as part of the private interest factors). There is no evidence refuting Cortez’s contention that a contingency retainer would be hard to secure because of the nature of her case, and moreover, the Florida Defendants’ expert conceded that such a retainer might not suffice and an attorney might require ongoing payment of costs and fees. In contrast, the Florida Defendants have not provided any specific evidence that trying this case in Florida would be cost prohibitive.
Second, the trial court’s determination regarding the location of witnesses was without support in the record. The record contains no specific evidence showing trial in Mexico would alleviate hardship regarding witnesses relevant to the Florida causes of action. See Banco Inversion, S.A. v. Celtic Fin. Corp., S.A., 907 So.2d 704, 710 (Fla. 4th DCA 2005) (finding the private interests supported denying a forum non conveniens motion where “travel posed no more of a hardship on either party”). If necessary, Mexican witnesses can be deposed in Mexico, and witnesses who are employed or affiliated with the Florida Defendants are within the Florida Defendants’ control and can be made available here or in Mexico. Cortez, who bears the burden of proving her case, has not argued difficulty in bringing Mexican witnesses to Florida, or California witnesses to Florida. There is no specific evidence that the Florida Defendants would suffer additional prejudice in bringing witnesses to Florida for deposition or trial, and the trial court incorrectly summarily concluded in its order “witnesses from Mexico will need to be called to testify.” See Picketts, 576 A.2d at 527; accord A.D.M. Prods., *971 Inc. v. Solomon, 831 So.2d 259, 260 (Fla. 3d DCA 2002) (“The trial court must evaluate the relevancy and materiality of the potential testimony that a listed witness may bring to the issues.”). Florida law also permits testimony at trial through videotaped or transcribed depositions under appropriate circumstances. And the record shows it may be difficult to compel witnesses to testify in Mexico due to constraints on the process of compelling testimony in Mexico.
Third, the trial court placed too much weight on the location of documents, and erroneously shifted the burden to Cortez, when it concluded that “Plaintiff has not made any showing that such documents exist in Florida,” while “documents related to the incident ... are located in Mexico.” It is not the Plaintiffs burden to show documents are located in Florida, and moreover, the trial court incorrectly stated there were no documents in Florida. The record already contains emails, an incident report from the Plaintiff on the Mexican resort’s letterhead, and various other materials relating to the incident. The location of documents, in the present era of electronic transmission and storage, should not defeat the Plaintiffs forum choice unless there is a specific showing that documents cannot feasibly be accessed outside their place of origin. There was no such showing here. In fact, it is likely that additional relevant documents located in Mexico could be obtained by the parties regardless of where they are located. And, as stated earlier, the Florida Defendants’ record keeping center is located in Miami. Thus, the trial court’s conclusion regarding the location of documents was apparently based on the false statements made by the Florida Defendants about their operations in their affidavits, which should not have been considered because of their admitted falsity.
C. Public interests
Although the trial court considered Florida’s public interest in connection with “punishing wrongdoers,” it failed to account for the Florida Defendants as wrongdoers, and instead focused on the attacker and the Mexican resort. The trial court correctly stated that public interest in this context relates to “whether the case has a general nexus to the forum sufficient to justify the forum’s commitment of judicial time and resources to it.” See Kinney, 674 So.2d at 92.[12] In this case, the public interest factors as to Cortez’s claims against the Florida Defendants, not the Mexican resort or others in Mexico who may also be subject to suit there, favor keeping Florida as the forum. The Florida Defendants do business in Florida in a manner directly relevant to this suit because their actions allegedly occurred in Florida. Additionally, the Florida Defendants have regularly appeared in the Florida courts to address issues regarding their operations.[13] Flori *972 da also has an interest in ensuring that harmful actions originating in Florida, which may violate duties imposed by Florida law, are properly addressed in Florida courts. Thus, as relevant here, the public interest favors keeping this case in Florida.
The public interest against permitting forum shopping, a practice involving the filing of cases with limited connections to Florida for strategic reasons, is not affected if this case remains in Florida. This case does not appear to be the product of improper forum shopping. This is not a case where the plaintiff sued in the alternative forum and Florida, but claims the alternative forum is inadequate. Cf. Aerolineas Argentinas, S.A. v. Gimenez, 807 So.2d 111, 114 (Fla. 3d DCA 2002). Cortez has not filed suit against the Florida Defendants in Mexico. Nor is this a case where an out-of-state Plaintiff, suing for a tort unrelated to marketing, sued a defendant whose only tie to Florida was maintaining an office “for the purpose of marketing its business pursuant to a joint venture.” Cf. Kerzner Int’l Resorts, Inc. v. Raines, 983 So.2d 750, 751 (Fla. 3d DCA 2008). Rather, Cortez alleges the Florida Defendants took actions in furtherance of their breaches of duties to Cortez either wholly or partly in Florida. See Chiquita Int’l Ltd. v. Fresh Del Monte Produce, N.V., 690 So.2d 698, 699 (Fla. 3d DCA 1997) (holding that a tort suit based on a scheme allegedly “hatched” in Florida could survive a forum non conveniens attack). Although Cortez is a California resident who was harmed on vacation in Mexico, the parties who allegedly engineered the package that led her to vacation in Mexico are in Miami, and Cortez sued based on their participation and benefit from the vacation package.
In Cortez’s complaint, Florida’s connection to this case is alleged as the base from which the Florida Defendants harmed Cortez, in violation of Florida law. According to Cortez, the Florida Defendants’ negligence led to her sexual assault. Based on her allegations, it is likely some or all of their actions occurred at or through facilities located in Florida because the Florida Defendants “conduct[ ] business on a cooperative basis” with their Mexican affiliates. Consequently, this is not a case where unspecified, and perhaps unrelated “business operations” or a company’s “principal place of business” form the only tie to Florida in a dispute between out-of-state parties. Cf. Resorts Int’l, Inc. v. Spinola, 705 So.2d 629, 629 (Fla. 3d DCA 1998); see also Hilton Int’l Co. v. Canillo, 971 So.2d 1001, 1004 (Fla. 3d DCA 2008); Tananta v. Cruise Ships Catering & Servs. Int’l, N.V., 909 So.2d 874, 878-79 (Fla. 3d DCA 2005).
Further, allowing Cortez to proceed in Florida does not extend the Florida courts’ reach to a dispute among foreign parties with no ties to Florida worthy of regulating. This is not a case where the accused defendants have “practically no connection” to Florida and disputed events remain to be discovered abroad. Cf. Kawasaki Motors Corp. v. Foster, 899 So.2d 408, 411-12 (Fla. 3d DCA 2005). See also WEG Industrias, S.A. v. Compania De Seguros Generales Granai, 937 So.2d 248, 254 (Fla. 3d DCA 2006) (finding forum non conveniens dismissal appropriate because Florida’s connection was merely “fortuitous”). In this case, there is no need to resolve disputes regarding the sexual assault that occurred in Mexico, because there is no dispute, based on the masseuse’s confession to having committed the offense, that Cortez was sexually assaulted in Mexico. Instead, the Florida Defen *973 dants’ actions will be the focus of Cortez’s lawsuit.
Consequently, the trial court erred when focusing on the “wrongdoers” in Mexico. To meet her burdens at trial, Cortez will need to offer evidence regarding the Florida Defendants’ actions. It is the actions of the Florida Defendants in failing to prevent the assault that will be at issue in Florida. Florida has a sufficient interest in determining whether, under Florida law, Florida-based companies that violate legal duties owed to their customers and harm them should be liable under Florida’s tort law.
D. Undue inconvenience or prejudice
Although the trial court’s order notes that the Florida Defendants agreed to service of process in Mexico and to waive any statute of limitations defense if the action was dismissed in Miami and re-filed in Mexico, the trial court’s order failed to obtain a similar stipulation by the Florida Defendants in the event Mexico concludes it has no jurisdiction over the matter. Cortez’s expert testified that a Mexican court is not required to take jurisdiction over non-domiciled parties. Although this was error, counsel for the Florida Defendants represented to this Court at oral arguments that they would execute such a stipulation if the trial court’s order is upheld. Consequently, that error has been cured.

CONCLUSION

The trial court erred, and its order granting the Florida Defendants’ motion to dismiss the lawsuit and send Cortez to Mexico to litigate her claims against the Florida Defendants, must be reversed because it is based on conclusions, not evidence, and the evidence does not support the conclusions made by the trial court. The trial court’s adequacy determination cannot be upheld where the trial court relied on an affidavit submitted by one defense witness who admitted that material representations in the affidavit were false, and another defense witness who subsequently modified the statements in his affidavit when he was deposed, and where material adequacy factors mitigating against Quintana Roo as an adequate forum were admittedly not considered by the trial court when making its determination.
The trial court also failed to “consider all relevant factors of private interest, weighing in the balance a strong presumption against disturbing plaintiffs initial forum choice.” Kinney, 674 So.2d at 90. Cortez is a United States citizen, who filed her lawsuit in Miami, Florida, against three Florida Defendants, who have a strong presence in Miami and where Cortez claims her causes of action against them initiated. Cortez cannot be denied access to the courts of this country absent a strong showing by the Florida Defendants that her lawsuit against them would result in substantial inconvenience for them to litigate in her choice of forum. They have not met that burden.
Lastly, although we need not consider the public interest factors because the Florida Defendants did not satisfy their burden in demonstrating that Quintana Roo, Mexico, is an adequate forum and that the private interests weigh in favor of disturbing Cortez’s choice of forum, the Florida Defendants’ motion should have been denied because the public interest factors clearly tip in favor of keeping this case in Florida. I, therefore, respectfully dissent from the majority opinion affirming the trial court’s order dismissing Cortez’s lawsuit on the grounds of forum non conveniens.

. (stating that ”[a]ll bookings and reservations for the Palace Resorts Hotels in Mexico are done in Mexico through the general reservation center located at Moon Palace, Cancun, Mexico; the reservations are booked by Palace Resorts, S.A. de C.V.”).

. (stating that "[n]one of the [Florida] Defendants received funds of any kind as a result of Ms. Discipio's stay at the Aventura Spa Palace in Mexico”).

. (stating that "[a]ll bookings and reservations for the Palace Resorts Hotels in Mexico are done in Mexico through the general reservation center located at Moon Palace, Cancun, Mexico; the reservations are booked by Palace Resorts, S.A. de C.V.,” the same representation made in the Weiss case).

.(stating that “[a]ll bookings and reservations for the Palace Resorts Hotels in Mexico are done in Mexico through the general reservation center located at Moon Palace, Cancun, Mexico; the reservations are booked by Palace Resorts, S.A. de C.V,” as in the Weiss case, and stating that ”[n]one of the [Florida] Defendants received funds of any kind as a result of [Plaintiff's] stay," as in the Discipio case).

. The public interest is only considered when "the advantages and disadvantages of the alternative forum will not significantly undermine or favor the private interests of any party” when compared with Florida, where the suit was filed. See Kinney, 674 So.2d at 91. Here, as to Cortez’s claims against the Florida Defendants, suit in Mexico would place Cortez at a substantial disadvantage, and thus the private interest inquiry settles the issue. Because the trial court considered the issue in its discretion, it is appropriate to address the trial court’s analysis on appeal as well.

. The Florida Defendants swore in support of false statements offered to the trial court regarding important facts regarding the Florida Defendants' operations, which would have shown their ties to Florida were directly relevant to this case. Therefore, unlike in Tananta v. Cruise Ships Catering & Services International., the Florida Defendants did not "organize [their] empire” to avoid Florida. 909 So.2d 874, 881 (Fla. 3d DCA 2005). *972 Rather, they lied about the facts to avoid a Florida forum. Cortez's complaint purports to target the Florida Defendants for actions occurring in whole or in part in Florida.