# Third District Court of Appeal

## State of Florida

Opinion filed April 28, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-2272
Lower Tribunal No. 18-35602
_____

## Gregorian International, Inc., et al.,
Appellants,

vs.

## Alejandro Enrique Delfino Thormahlen, etc.,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Damian & Valori, LLP, and Melissa Damian Visconti, and Melanie E. Damian, for appellants.

Holland & Knight LLP, Christopher N. Bellows, Anna Marie Gamez, J. Raul Cosio and Rebecca M. Plasencia, for appellee.

Before EMAS, C.J., and LINDSEY, and BOKOR, JJ.

PER CURIAM.

Celestino Martinez, a Venezuelan citizen who resides in Broward County, Florida, appeals the dismissal of his complaint against Alejandro Enrique Delfino Thormahlen on the basis of forum non conveniens. The lower court granted the motion, in favor of conducting the litigation in Venezuela, without holding an evidentiary hearing.[1]

The standard of review on dismissal of a complaint on the basis of forum non conveniens is abuse of discretion. See Fla. R. Civ. P 1.061(a); Abeid-Saba v. Carnival Corp., 184 So. 3d 593, 599 (Fla. 3d DCA 2016). "The burden of proof of each element in the forum non conveniens analysis is on the [d]efendants." Publicidad Vepaco, C.A. v. Mezerhane, 176 So. 3d 273, 277 (Fla. 3d DCA 2015) (citing Telemundo Network Grp., LLC v. Azteca Int'l Corp., 957 So. 2d 705, 709 (Fla. 3d DCA 2007)). "The first of the four [Kinney] factors is the availability of an adequate alternative forum. As explained in Cortez, '[t]his factor encompasses two separate considerations: availability and adequacy.'" Id. at 276 (quoting Cortez v. Palace Resorts,

[1] Gregorian International, Inc., was a named plaintiff only on Count I (Declaratory Judgment). Before briefs were filed and oral argument was held, the parties resolved Count I by agreeing to a stipulated final judgment as to that count only. Consequently, Gregorian is not a party to the appeal, and the only remaining counts in the amended complaint are Count II (Tortious Interference with Advantageous Business Relationships) and Count III (Defamation Per Se).

2

Inc., 123 So. 3d 1085, 1091 (Fla. 2013)); see also Kinney Sys. v. Cont'l Ins. Co., 674 So. 2d 86 (Fla. 1996).

Because the record demonstrates disputed issues of fact as to the "adequacy" of the Venezuelan forum, we reverse and remand for the lower court to conduct an evidentiary hearing and make factual findings regarding this factor so that this Court may have a sufficient record from which to conduct its review.

Reversed and remanded.