# Third District Court of Appeal

## State of Florida

Opinion filed October 16, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D24-0067 & 3D24-0066[1]
Lower Tribunal Nos. 21-025928-CA-01, 23-001158-CA-01
_____

**Elena Bourlakova, et al.,**
Appellants,

vs.

**Steven Landau, et al.,**
Appellees.

Appeals from a non-final order from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Aballí Milne Kalil, P.A., and Hendrik G. Milne, Craig P. Kalil, Renee R. Tischler, Matthew R.D. Deblinger, and John E. Cervera; and Black Srebnick, P.A., and Roy E. Black, Lance W. Shinder, Maria D. Neyra, Kyle Johnson, Zaharah R. Markoe, and Tazio A. Heller, for appellants.

Shutts & Bowen, LLP, and Peter H. Levitt and Aliette D. Rodz, for appellees Nikolai Kazakov and Vera Kazakov.

Before LINDSEY, MILLER and GORDO, JJ.

_____

[1] We sua sponte consolidate these two appeals.

GORDO, J.

In these consolidated appeals, Appellants, the plaintiffs below, appeal a non-final order denying their motions to dismiss the defendants' amended counterclaims based on *forum non conveniens*. We have jurisdiction. Fla. R. App. P. 9.130(a)(3)(C)(viii). We affirm.

"We review orders granting or denying a motion to dismiss on *forum non conveniens* grounds for an abuse of discretion." Abeid-Saba v. Carnival Corp., 184 So. 3d 593, 599 (Fla. 3d DCA 2016).[2] "An abuse of discretion occurs 'when the judicial action is arbitrary, fanciful, or unreasonable or where no reasonable man would take the view the trial court adopted.'" Id. at 603 (quoting Johnson v. State, 47 So. 3d 941, 943 (Fla. 3d DCA 2010)).

On appeal, Appellants challenge the trial court's denial of their similar motions to dismiss for *forum non conveniens*. Because we find the trial court did not abuse its discretion in denying the motions after considering the Kinney factors,[3] we affirm. See Telemundo Network Grp., LLC v. Azteca Int'l Corp., 957 So. 2d 705, 709 (Fla. 3d DCA 2007) ("In *Kinney,* the Florida Supreme Court held that a trial court presented with a motion to dismiss on

---

[2] See also Fla. R. Civ. P. 1.061(a) ("The decision to grant or deny the motion for dismissal [based on *forum non conveniens*] rests in the sound discretion of the trial court.").
[3] Kinney Sys., Inc. v. Cont'l Ins. Co., 674 So. 2d 86 (Fla. 1996).

2

the basis of forum non conveniens must conduct a four-step analysis, later codified in Florida Rule of Civil Procedure 1.061(a) . . . ."); Fla. R. Civ. P. 1.061(a) (providing that "[a]n action may be dismissed on the ground that a satisfactory remedy may be more conveniently sought in a jurisdiction other than Florida when: (1) the trial court finds that an adequate alternate forum exists which possesses jurisdiction over the whole case, including all of the parties; (2) the trial court finds that all relevant factors of private interest favor the alternate forum, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice; (3) if the balance of private interests is at or near equipoise, the court further finds that factors of public interest tip the balance in favor of trial in the alternate forum; and (4) the trial judge ensures that plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice."); Abeid-Saba, 184 So. 3d at 599 ("The [party] attempting to dismiss the action on forum non conveniens grounds bears the burden of proof on each element of the *Kinney* analysis." (quoting Telemundo Network Grp., LLC, 957 So. 2d at 709)); Ryder Truck Rental, Inc. v. Adams, No. 3D23-1606, 2024 WL 4137988, at *1 (Fla. 3d DCA Sept. 11, 2024) ("Because we hold the trial court did not abuse its discretion in denying the motion [to dismiss for *forum non conveniens*] after considering the Kinney factors, we affirm.") (footnote omitted).

Affirmed.