PER CURIAM.
Gregory Johnson (“the defendant”) appeals his conviction and sentence for manslaughter. We reverse.
The State charged and tried the defendant with premeditated murder for the shooting death of Jose Martinez (“the victim”). The defendant and his then girlfriend, Sandra Vega (“Vega”), contracted with the victim to build them a house. Subsequently, Vega ended her relationship with the defendant and began one with the victim.
On the night of the shooting, the victim and Vega were at the home of Vega’s cousin where Vega was staying. Apparently, the victim decided that it was time to resolve the differences, both professional and personal, with the defendant. Accordingly, he called the defendant to come over, and, after the defendant refused the invitation, sent an employee to bring the defendant.
The two men started talking, and the conversation soon became heated. During an ensuing physical struggle, a gun went off. Both men were shot, the victim fatally. The defendant claimed that the victim was the initial aggressor, when he hit the defendant in the head with something hidden in some papers. At trial, the defendant claimed self defense. The jury convicted defendant of second degree murder, but this Court subsequently reversed and remanded for a new trial.
For the second trial, defense counsel was unable to locate Vega, and sought to introduce her sworn testimony from the first trial. The defendant argued that Vega’s testimony was relevant to his claim of self defense. At the first trial, Vega identified the gun used in the shooting as one she kept at her cousin’s house. Vega also testified that she had shown the gun to the victim prior to the shooting. On the other hand, the victim’s employee testified that he saw the defendant take something out of the car prior to his arrival. Thus, the question of who brought the gun to the scene was disputed.
The trial court denied the defendant’s request to introduce Vega’s prior testimony. The trial court’s exact reason for excluding the evidence is somewhat puzzling. Initially, the trial court stated that defense counsel made insufficient efforts to locate and subpoena Vega for trial. The defense, however, provided the trial court with law stating that proof of unavailability is not necessary to introduce prior sworn testimony. Thereafter, the trial court decided to use a 90.403 analysis to keep the evidence out. In any event, the trial court excluded Vega’s testimony.
Interestingly, during deliberations, the jury asked why Vega had not testified. Ultimately, the jury found the defendant guilty of manslaughter, and the trial court sentenced the defendant to 30 years in prison.
On appeal, the defendant asserts that the trial court abused its discretion in ex- *943 eluding Vega’s prior testimony. The State contends that the trial court properly excluded the evidence under a 90.403 analysis because the testimony would have only confused and mislead the jury. We agree with the defendant.
Generally, a trial court has discretion in the admission of evidence. Ray v. State, 755 So.2d 604, 610 (Fla.2000). However, an abuse of discretion occurs when the judicial action is arbitrary, fanciful, or unreasonable or where no reasonable man would take the view the trial court adopted. Huff v. State, 569 So.2d 1247, 1249 (Fla.1990) (citing Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980)).
Moreover, all relevant evidence is admissible unless excluded by law. § 90.402, Fla. Stat. (2008). Section 90.803(22), Florida Statutes (2008), allows introduction of former testimony, notwithstanding a witness’ availability, as long as the witness was subject to direct, cross, and redirect examination. Conversely, evidence may be excluded “if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence.” § 90.403, Fla. Stat. (2008).
Here, Vega’s testimony was relevant to an issue in dispute, to-wit, whether the defendant acted in self defense. To determine if the defendant acted in self defense, the jury was entitled to hear everything that occurred prior to the shooting, including who brought the gun. The jury could reasonably infer that the person who brought the gun was likely the initial aggressor. Without Vega’s testimony, the jury only had the testimony of the victim’s employee, which suggested that the defendant brought the gun. Thus, Vega’s testimony that she had the gun and showed it to the victim prior to the shooting was clearly important.
The State argues that Vega’s testimony would only have confused the jury because she also testified that she saw the defendant with the gun at the time of the shooting. The fact that at some point the defendant had the gun in his hand does not conclusively disprove the defendant’s claim that he was not the initial aggressor. Thus, Vega’s testimony was highly relevant. § 90.402.
Typically, juries are presented with different versions of events, and must be trusted to consider and weigh all the evidence and ascertain credibility. Here, the trial court abused its discretion when it excluded Vega’s prior testimony simply because it contradicted other evidence. Therefore, a new trial is warranted.
Accordingly, we reverse and remand for a new trial.
Reversed and remanded.