[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12046
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 18, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:10-cv-60152-UU


STEVEN PROPHET,
CARMEN ELENA PROPHET,

                                                            Plaintiffs - Appellants,

CARMEN ALEXANDRA PROPHET, et al.,

                                                            Plaintiffs,

                              versus

INTERNATIONAL LIFESTYLES, INC.,
VILLAGE RESORT, LTD.,
GREAT RESORTS, LTD.,
BLOODY BAY HOTEL DEVELOPMENT CORP.,

                                                            Defendants - Appellees,

SUPERCLUBS PROPERTIES, LTD., et al.,

                                                            Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 18, 2011)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Dr. Steven Prophet and his wife, Carmen Elena Prophet, appeal the district court's judgment granting the defendants' motion to dismiss based on forum non conveniens. The Prophets contend that the district court applied an incorrect legal standard by failing to afford them the strong presumption that their chosen forum was sufficiently convenient. They also appeal the district court's judgment dismissing their claims against one of the defendants based on lack of personal jurisdiction. The Prophets concede that the record as it stands is insufficient to establish personal jurisdiction over that defendant, but they argue that the district court should have given them additional time to conduct jurisdictional discovery.

I.

The Prophets are residents of Pennsylvania. After viewing a "SuperClubs" website that advertised various hotels, they chose to vacation at the Grand Lido Negril Resort and Spa in Jamaica. During their visit Dr. Prophet was injured

while exercising in the fitness center at the Grand Lido Negril. He was preparing to lift a barbell on the "power rack," a device that consists of stanchions on which a barbell is positioned above the weightlifter's head. He asserts that instead of pins or angled hooks, which are generally used to hold the barbell in place, the barbell precariously rested on flat metal pegs. It slid off the pegs, crushing his face, jaw, and skull.

A local physician was called, and after examining Dr. Prophet he determined that the injured man would need medical care at a place that was better equipped than any facility in Negril. No ambulance was available, so the Prophets took a taxi for the two-and-a-half hour ride to Montego Bay. Based on his medical training, Dr. Prophet believed that his injuries were very serious, and he feared that he might die from them before he could get the necessary medical care. After receiving some treatment in Montego Bay, an "air ambulance" transported Dr. Prophet to Miami. He later underwent surgery and other medical procedures in the United States.

In the United States District Court for the Southern District of Florida, the Prophets filed a lawsuit against International Lifestyles, Inc., a corporation organized under Delaware law with its principal place of business in Hollywood, Florida. Lifestyles advertises hotel properties, including the Grand Lido Negril,

3

on the SuperClub website that the Prophets viewed when selecting their accommodations. The other defendants named in the Prophets' lawsuit are: Village Resorts, Ltd.; Great Resorts, Ltd.; and Bloody Bay Hotel Development Corp., all of which are corporations organized under Jamaican law with their principal places of business in Kingston, Jamaica.[1] Great Resorts is a subsidiary of Village Resorts, and Bloody Bay owns the Grand Lido Negril.

The Prophets claimed, among other things, that the defendants "negligently installed and/or maintained fitness equipment at the Grand Lido Negril and/or failed to inform [Dr. Prophet] about the lack of emergency care in the Negril resort area and other terms of his stay that were material to his decision to travel to Jamaica and stay as their guest." The Prophets assert at this point in the proceedings that a "large part" of their claims relate to the defendants' failure "to warn [Dr. Prophet] before he visited the Grand Lido Negril about the complete lack of adequate medical facilities in the resort area in the event he was seriously injured."

The defendants moved to dismiss the Prophets' third amended complaint based on forum non conveniens. Bloody Bay also separately moved to dismiss

---

[1] The Prophets voluntarily dismissed four other defendants: Chi Hsin Impex, Inc., Body Solid, Ivanko Barbell, and First Fitness. This opinion refers to the remaining defendants collectively as "the defendants" unless context requires otherwise.

based on lack of personal jurisdiction. The district court granted both of those motions, and the Prophets appealed.

II.

We will reverse a district court's dismissal based on forum non conveniens only if it constitutes a clear abuse of discretion. Wilson v. Island Seas Invs., Ltd., 590 F.3d 1264, 1268 (11th Cir. 2009). "'A district court by definition abuses its discretion when it makes an error of law.'" United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003) (quoting Koon v. United States, 518 U.S. 81, 100, 116 S.Ct. 2035, 2047 (1996)).

We have explained that dismissal of a complaint based on forum non conveniens is appropriate where:

> 1. the trial court finds that an adequate alternate forum exists which possesses jurisdiction over the whole case, including all of the parties;
>
> 2. the trial court finds that all relevant factors of private interest favor the alternate forum, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice;
>
> 3. if the balance of private interests is at or near equipoise, the court further finds that factors of public interest tip the balance in favor of trial in the alternate forum; and
>
> 4. the trial judge ensures that plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice.

5

Wilson, 590 F.3d at 1269 (quoting Aldana v. Del Monte Fresh Produce N.A., 578 F.3d 1283, 1289–90 (11th Cir. 2009)).

In the present case the district court considered as a threshold issue what it described as the Prophets' "argument" that their choice of forum should be given "great deference." In addressing that issue, the district court emphasized that dismissal based on forum non conveniens is not automatically barred when the plaintiffs are American citizens who choose to file their complaint in a court in the United States. See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 256 n.23, 102 S.Ct. 252, 266 n.23 (1981) ("Citizens or residents deserve somewhat more deference than foreign plaintiffs, but dismissal should not be automatically barred when a plaintiff has filed suit in his home forum."). In the Piper case, however, the Supreme Court held that "[t]he District Court properly decided that the presumption in favor of the [plaintiffs'] forum choice applied with less than maximum force because the real parties in interest are foreign." Id. at 261, 102 S.Ct. at 268. No one has alleged that the real parties in interest in this case are foreign.

The district court noted that the Prophets relied heavily on this Court's decision in SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A., 382 F.3d 1097 (11th Cir. 2004), which reversed the dismissal of a complaint based on

forum non conveniens. We held in SME Racks that the district court had erred by failing to consider "the strong presumption in favor of the domestic plaintiffs' choice of forum." Id. at 1103. The district court rejected the Prophets' reliance on SME Racks, concluding that the facts of that case were distinguishable because those plaintiffs were suing a Spanish company for breach of contract and torts that allegedly occurred in the United States. The district court observed that, by contrast, the Prophets' "injury occurred outside of the United States, and the relevant premises and facilities and witnesses with first hand knowledge concerning the same are located outside of the United States."

After concluding that SME Racks was distinguishable on its facts, the court concluded that the "holding" of an unpublished district court decision, Miyoung Son v. Kerzner Int'l Resorts, Inc., No. 07-61171, 2008 WL 4186979 (S.D. Fla. Sept. 5, 2008), was "more applicable." That decision upheld the enforceability of a forum selection clause in an agreement signed during check-in at a hotel in the Bahamas. Id. at *7. Only in the alternative did the court reach the forum non conveniens issue. Id. It held that private interest factors weighed in favor of the defendants. Id. at *9–10. On the public interest factors, it reasoned:

> This case is distinguishable from SME Racks, because the "harm" did not occur in Florida (or even in the U.S.). Instead, Plaintiffs are suing (with one exception) Bahamian companies and individuals for

7

conduct which occurred entirely within the Bahamas.  Unlike SME Racks, the presumption in favor of Plaintiffs' choice of forum here is not as strong because of the attenuated connection of this forum with the events giving rise to the claims.

Id. at *10.  The district court in the present case held that "in keeping with the holdings of Piper and Miyoung, the Court will not afford Plaintiffs' choice of forum great deference."

III.

This Court and the district court are bound by precedent requiring that "[a] plaintiff's choice of forum is entitled to deference, and there is a presumption in favor of a plaintiff's choice of forum, particularly where the plaintiffs are citizens of the United States." Wilson, 590 F.3d at 1269.  That deference and that presumption do not dissolve just because the plaintiff's injury occurs outside of the United States.  See id. at 1266–67.  We have "long mandated that district courts require positive evidence of unusually extreme circumstances, and should be thoroughly convinced that material injustice is manifest before exercising any such discretion as may exist to deny a United States citizen access to the courts of this country." Id. at 1270 (quoting SME Racks, 382 F.3d at 1101 (quoting La Seguridad v. Transytur Line, 707 F.2d 1304, 1308 n.7 (11th Cir. 1983) (quoting Burt v. Isthmus Dev. Co., 218 F.2d 353, 357 (5th Cir. 1955))) (quotation marks

omitted)).

The defendants argue that the district court did not misapply that standard and that in any event they have shown the unusually extreme circumstances and the manifest material injustice necessary to meet the requirements for dismissal based on forum non conveniens. We disagree.

Although it is true that denial of a motion to dismiss based on forum non conveniens is not automatic simply because the plaintiffs are American citizens, see Piper Aircraft, 454 U.S. at 256 n.23, 102 S.Ct. at 266 n.23, it is also true that the "presumption in favor of the plaintiffs' initial forum choice in balancing the private interests is at its strongest when the plaintiffs are citizens, residents, or corporations of this country." Wilson, 590 F.3d at 1270 (quotation marks omitted). The district court must apply that strong presumption when weighing the private interests, must require the defendants to present "positive evidence of unusually extreme circumstances," and must be "thoroughly convinced that material injustice is manifest" to reach the conclusion the defendants' convenience overrides the plaintiffs' choice of forum. Id. (quotation marks omitted).

Because the district court did not apply that standard in this case, we reverse and remand for that court to exercise its discretion by weighing the private and public interest factors under the correct standard. See Advanced Estimating Sys.,

Inc. v. Riney, 77 F.3d 1322, 1325 (11th Cir. 1996) (explaining that because the abuse of discretion standard allows the district court a range of choice, the case was being remanded to give that court the first opportunity to decide the issue under the correct legal standard); see also Gray v. Bostic, 625 F.3d 692, 693 (11th Cir. 2010) (Carnes, J., joined by Black, J., concurring in the denial of rehearing en banc) ("[I]f a district court has abused its discretion, the court of appeals should not decide how to exercise the district court's discretion; instead, it should remand the matter so that the district court can exercise its discretion free from the error of law."); Collins v. Seaboard Coastline R.R. Co., 681 F.2d 1333, 1335 (11th Cir. 1982) (same).

## IV.

The Prophets also challenge the district court's decision to grant Bloody Bay's motion to dismiss based on lack of personal jurisdiction. They concede that personal jurisdiction over Bloody Bay has not been established on the record as it now stands, but they argue that the district court should have granted them more time for jurisdictional discovery. "Discovery matters are committed to the discretion of the district court; therefore, we review the district court's decision to terminate discovery under an abuse of discretion standard." Lee v. Etowah Cnty. Bd. of Educ., 963 F.2d 1416, 1420 (11th Cir. 1992).

Bloody Bay presented evidence that it was incorporated for the sole purpose of developing the land where the Grand Lido Negril resort was built and that it had not engaged in any activity in Florida. The district court pointed out that the Prophets failed to rebut that evidence even though they were on notice that Bloody Bay contested personal jurisdiction and they had ample time to conduct jurisdictional discovery. The district court did not abuse its discretion by denying the Prophets additional time for jurisdictional discovery. See Lee, 963 F.2d at 1420 ("The plaintiffs themselves are primarily responsible for any prejudice they may have suffered from inadequate discovery.").

V.

For the foregoing reasons, we reverse the district court's judgment dismissing the plaintiffs' complaint based on forum non conveniens, and we affirm the district court's judgment dismissing the claims against Bloody Bay based on lack of personal jurisdiction. We remand for further proceedings consistent with this opinion.

**AFFIRMED** in part; **REVERSED** and **REMANDED** in part.