# Third District Court of Appeal
## State of Florida

Opinion filed August 9, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-739
Lower Tribunal No. 09-40147 CC
_____

## State Farm Mutual Automobile Insurance Company,
Appellant,

vs.

## Advanced X-Ray Analysis, Inc., a/a/o Rajit Gupta,
Appellee.


An Appeal from the County Court for Miami-Dade County, Myriam Lehr, Judge.

Birnbaum, Lippman & Gregoire, PLLC, and Nancy W. Gregoire Stamper (Fort Lauderdale); Kirwan, Spellacy, Danner, Watkins & Brownstein, P.A., and Christopher L. Kirwan (Fort Lauderdale), for appellant.

Eiffert & Associates, P.A., and Robert William Morris (Orlando), for appellee.


Before SCALES, LINDSEY and GORDO, JJ.

GORDO, J.

State Farm Mutual Automobile Insurance Company ("State Farm") appeals a final judgment entered in favor of Advanced X-Ray Analysis, Inc. a/a/o Rajit Gupta ("Advanced") in the amount of $0.30 in personal injury protection benefits plus applicable statutory interest. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We affirm the trial court's entry of final judgment but write to address State Farm's argument that the trial court improperly struck its response to Advanced's summary judgment motion.[1]

Under the newly amended Florida Rule of Civil Procedure 1.510, summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a). Pursuant to the rule, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by:"

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

---

[1] We do not address the other arguments raised in this appeal finding they are either without merit or moot.

Fla. R. Civ. P. 1.510(c)(1).  If a party fails to properly support or address a fact as required by this subdivision, the trial court in its discretion may:

> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
> (4) issue any other appropriate order.

Fla. R. Civ. P. 1.510(e).

The new rule further contains a subdivision titled "Timing for Supporting Factual Positions."  Fla. R. Civ. P. 1.510(c)(5).  Under this subdivision, "[a]t least 20 days before the time fixed for the hearing, the nonmovant must serve a response that includes the nonmovant's supporting factual position as provided in subdivision (1) above."  Fla. R. Civ. P. 1.510(c)(5).  The Florida Supreme Court implemented this time related subdivision in order "to reduce gamesmanship and surprise and to allow for more deliberative consideration of summary judgment motions."  In re Amends. to Fla. Rule of Civ. Proc. 1.510, 317 So. 3d 72, 77 (Fla. 2021).

Here, the relevant motion for summary judgment was set for hearing on October 21, 2021.  During the hearing, the allotted time ended before the parties could finish their arguments and the trial court opted to continue the

3

hearing. On October 28, 2021, State Farm filed a new pleading attaching previously unfiled evidence, which it asserted was a response to Advanced's original summary judgment motion. At the continued hearing on November 9, 2021, the trial court struck this additional pleading and evidence as untimely pursuant to rule 1.510(c)(5).

On appeal, State Farm argues the continuance of the hearing until November 9, 2021, tolled the time for it to file a response because the trial court did not rule on the merits of Advanced's summary judgment motion prior to the continued hearing.

Pursuant to rule 1.510(c)(5), State Farm had twenty days "before the time fixed for the hearing," here October 21, 2021, to file a response. It failed to do so. The fact that the trial court allowed continued time for the hearing did not alleviate State Farm of its burden to timely file its response. While "[a] trial court has broad discretion to manage its docket," the trial court's discretionary decision to continue the hearing did not automatically reset the clock under rule 1.510 for State Farm to timely file a response. SR Acquisitions-Florida City, LLC v. San Remo Homes at Florida City, LLC, 78 So. 3d 636, 638 (Fla. 3d DCA 2011). A party cannot evade the requirement to timely file based on a trial court's discretionary choice to continue a hearing and allow more time for argument. Even if the clock had reset, State

4

Farm filed its alleged response and new exhibits only twelve days before continuation of the hearing—still in violation of the twenty-day pre-hearing filing deadline of rule 1.510(c)(5).

Importantly here, we review the trial court's decision to strike the new evidence for an abuse of discretion. "An abuse of discretion occurs 'when the judicial action is arbitrary, fanciful, or unreasonable or where no reasonable man would take the view the trial court adopted.'" Abeid-Saba v. Carnival Corp., 184 So. 3d 593, 603 (Fla. 3d DCA 2016) (quoting Johnson v. State, 47 So. 3d 941, 943 (Fla. 3d DCA 2010)). It is far-fetched to argue a trial court abused its discretion by enforcing the plain language of a rule of civil procedure promulgated to place practitioners and courts on notice of what is required. These rules are not advisory and are meant to provide time limits to raise arguments and present evidence in order to prevent gamesmanship, unfair surprise and prejudice. Accordingly, we find the trial court properly exercised its discretion in applying the plain language of the rule.

Affirmed.