# Third District Court of Appeal

## State of Florida

Opinion filed August 6, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D24-1213, 3D24-1224
Lower Tribunal Nos. 23-4864-CA-01, 23-4872-CA-01

_____

**Alexander M. Ruiz,**
Appellant,

vs.

**Alexandra Salazar, et al.,**
Appellees.

Appeals from a non-final order from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

MSP Recovery Law Firm, Christine M. Lugo, and John H. Ruiz, for appellant.

Philip D. Parrish, P.A., and Philip D. Parrish, for appellees.

Before FERNANDEZ, LOGUE and LINDSEY, JJ.

PER CURIAM.

Affirmed. See Johnson v. State, 47 So. 3d 941, 943 (Fla. 3d DCA 2010) ("[A]n abuse of discretion occurs when the judicial action is arbitrary, fanciful, or unreasonable or where no reasonable man would take the view the trial court adopted."); Cortez v. Palace Resorts, Inc., 123 So. 3d 1085, 1092 (Fla. 2013) ("'[T]he reviewing court *always* should remember that a strong presumption favors the plaintiff's choice of forum.' This presumption 'can be defeated *only* if the relative disadvantages to the defendant's private interests are of sufficient weight to overcome the presumption.'" (citations omitted)); Cardoso v. FPB Bank, 879 So. 2d 1247, 1250 (Fla. 3d DCA 2004) ("A *forum non conveniens* argument coming from a party sued where he resides is both 'puzzling' and 'strange.'" (quoting Sanwa Bank, Ltd. v. Kato, 734 So. 2d 557, 561 (Fla. 5th DCA 1999))); Fasang-Brown v. Visit Us, Inc., 319 So. 3d 132, 133-35 (Fla. 3d DCA 2021) (affirming dismissal for forum non conveniens where plaintiffs were not Florida residents and all liability witnesses were located in Jamaica); Mowrey v. Johnson & Johnson, 524 F. Supp. 771, 776 (W.D. Pa. 1981) ("[N]either the inability to implead third parties nor the lack of compulsory process necessarily mandates forum non conveniens dismissal of an action. Rather the court must determine whether, on the facts of the individual case, these factors so prejudice the defendants that dismissal of the action is proper." (citation omitted)); Gordon v. Bethel,

2

359 So. 3d 802, 812 (Fla. 4th DCA 2023) ("For a Florida resident . . . the unavailability of the contingency fee is a valid factor to consider as a private interest factor."); Kinney Sys., Inc. v. Continental Ins. Co., 674 So. 2d 86, 92 (Fla. 1996) ("[I]f the public interest factors themselves are at or near equipoise, then the third step of the inquiry will provide no basis for defeating the presumption favoring plaintiff's choice of forum."); Ward v. Kerzner Int'l Hotels Ltd., 2005 WL 2456191, at *5 (S.D. Fla. Mar. 30, 2005) ("[T]he Bahamas' interest is somewhat lessened where the sole plaintiff is an American citizen."); Tune v. Philip Morris, Inc., 766 So. 2d 350, 352 (Fla. 2d DCA 2000) ("A false conflict can exist under at least three different circumstances. It can exist when the laws of different states are (1) the same, (2) different but would produce the same outcome under the facts of the case, or (3) when the policies of one state would be furthered by the application of its laws while the policy of the other state would not be advanced by the application of its laws."); Prophet v. Int'l Lifestyles, Inc., 447 Fed. Appx. 121, 125 (11th Cir. 2011) ("The district court in the present case held that 'in keeping with the holdings of Piper and Miyoung, the Court will not afford Plaintiffs' choice of forum great deference.' This Court and the district court are bound by precedent requiring that '[a] plaintiff's choice of forum is entitled to deference, and there is a presumption in favor of a

3

plaintiff's choice of forum, particularly where the plaintiffs are citizens of the United States.' That deference and that presumption do not dissolve just because the plaintiff's injury occurs outside of the United States." (citations omitted)); Resorts Int'l, Inc. v. Spinola, 705 So. 2d 629, 630 (Fla. 3d DCA 1998) ("We conclude that as a **foreign party** asserting a claim based on foreign events against foreign corporations, Spinola's ability to obtain a contingent fee arrangement is of no moment in the forum non conveniens analysis." (emphasis added)).